J-S57011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| VIRGIL VAMICHICHI | |
| Appellant | No. 3259 EDA 2016 |

Appeal from the PCRA Order October 12, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1302112-2006

BEFORE:  PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 13, 2017**

Appellant, Virgil Vamichichi, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1] We are constrained to vacate the PCRA court's order and remand for appointment of counsel.

---

[1] Appellant purports to appeal from the September 9, 2016 order dismissing his PCRA petition. We observe a docket entry with that date, but the certified record contains no corresponding order or transcript to confirm the entry of an order dismissing the petition. Appellant filed a *pro se* notice of appeal with this Court on September 26, 2016. The PCRA court formally entered an order on October 12, 2016, dismissing Appellant's petition. "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Thus, we treat Appellant's notice of appeal as having been timely filed on October 12, 2016.

The relevant facts and procedural history are as follows. Appellant and an accomplice were driving around in the early morning hours of March 3, 2001, when they spotted the victim, a woman neither of them knew. They stopped, and Appellant grabbed the victim and threw her into the backseat of the car. Appellant informed his accomplice, "I'mma fuck this bitch." *Commonwealth v. Vamichichi*, No. 591 EDA 2009, at 2 (Pa. Super., filed May 28, 2010) (unpublished memorandum) (citation omitted). And Appellant then raped the screaming, struggling victim, as Appellant's accomplice drove the car. Appellant and the accomplice then switched places, and the accomplice raped the victim. After concluding the rapes, Appellant and his accomplice pulled the victim out of the car and beat her, breaking three to four of her ribs and puncturing her lung. Following the beating, the pair searched the victim's pockets, grabbed $20, and drove off.

The victim contacted police, who took her to the hospital for medical treatment and a rape kit. Appellant's DNA was entered into the statewide offender database several years later, following an unrelated conviction. His DNA matched that found in the victim after the rape (Appellant had ejaculated inside her), and he was arrested.

On April 2, 2008, the trial court convicted Appellant of rape, aggravated assault, criminal conspiracy, and unlawful restraint. The court sentenced Appellant to an aggregate 12-24 years' incarceration, plus ten years of probation. Appellant filed an appeal to this Court, and we affirmed his judgment of sentence. *See Vamichichi*, *supra*. Our Supreme Court denied

Appellant's petition for allowance of appeal. *See Commonwealth v. Vamichichi*, 8 A.3d 345 (Pa. 2010) (Table).

Appellant then filed his first, timely PCRA petition on May 6, 2011. In it, he alleged trial counsel was ineffective for failing to move for dismissal of the unlawful restraint charge, as the statute of limitations for that crime had expired prior to the filing of the criminal information against Appellant. The PCRA court agreed, vacated Appellant's conviction for unlawful restraint, and vacated Appellant's entire sentence. Thereafter, Appellant was resentenced. The court imposed an aggregate sentence of 12-24 years' incarceration, plus ten years' probation, on Appellant's remaining convictions.

Appellant appealed to this Court and challenged the discretionary aspects of his sentence. This Court affirmed Appellant's new judgment of sentence. *See Commonwealth v. Vamichichi*, No. 1887 EDA 2013 (Pa. Super., filed July 18, 2014) (unpublished memorandum).

Appellant then filed a *pro se* PCRA petition on June 23, 2015, alleging the ineffective assistance of re-sentencing counsel. The PCRA court found "the petition … timely following the judgment of resentence." PCRA Court Opinion, 12/29/16, at 5. The court addressed the ineffective assistance of counsel claim on the merits, but denied relief without conducting an evidentiary hearing, finding "the underlying claim lacks arguable merit" and "fails to demonstrate prejudice." *Id*., at 7.

Appellant's *pro se* appeal is now before us. On appeal, Appellant raises a single issue, regarding the ineffective assistance of resentencing counsel.

We review the ruling of the PCRA court to determine whether it is supported by the record and free of legal error. **See Commonwealth v Spotz**, 18 A.3d 244, 259 (Pa. 2011). We defer to the PCRA court's factual conclusions; however, we apply "a *de novo* standard of review to the PCRA court's legal conclusions." **Id**. (citation omitted).

We must first determine whether Appellant's PCRA petition is timely, as the timeliness of a PCRA petition implicates our Court's jurisdiction. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

"[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). A petitioner is entitled to PCRA counsel for a first PCRA petition. **See Commonwealth v. Figueroa**, 29 A.3d 1177, 1181 (Pa. Super. 2011).

"[A] successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008) (citation omitted). Though it explicitly forbids reexamination of the underlying circumstances of a conviction, **McKeever** contains an implicit exception for appellate claims specifically related to the resentencing.

There, the appellant's conviction for corrupt organizations was vacated; however, his remaining convictions and sentences were not disturbed. The appellant filed a direct appeal from that resentencing, was denied relief, and then filed a PCRA petition. The panel noted the appellant was *only* able to challenge the resentencing on direct appeal, rather than challenging any part of his convictions unaffected by the resentencing—"his underlying claims of trial error regarding his non-vacated convictions could not be addressed on direct appeal from resentencing." **Id**., at 786. Thus, **McKeever** clearly limits the scope of direct appeals following a resentencing to matters stemming directly from that resentencing. That necessarily means that a subsequent PCRA petition is also limited to challenging an element strictly related to resentencing, such resentencing counsel's stewardship, in order to be considered timely. **Accord Commonwealth v. Lesko**, 15 A.3d 345, 357-367 (Pa. 2011).

Simply put, Appellant is permitted to raise claims related to his resentencing. Appellant's petition challenges resentencing counsel's effectiveness. Appellant's new judgment of sentence became final on August 17, 2014, when his time expired for filing an appeal with our state Supreme Court, following this Court's affirmance of Appellant's new judgment of sentence. Appellant then filed his PCRA petition on June 23, 2015. Thus, we consider Appellant's petition to be a timely "first" PCRA petition—with respect to his resentencing claim.

The PCRA court correctly construed Appellant's PCRA petition as timely, but nevertheless failed to appoint counsel. Appellant, who is proceeding *in forma pauperis* in this appeal, was entitled to the appointment of counsel. Accordingly, we must vacate the PCRA court's order denying relief, and remand for the appointment of counsel and the opportunity for Appellant to file an amended PCRA petition with the benefit of counsel.

Order vacated. Case remanded for appointment of counsel. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2017

- 6 -