J-S82038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ERIC WEBB, | : | |
| | : | |
| Appellant | : | No. 2011 EDA 2018 |

Appeal from the PCRA Order Entered June 8, 2018
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000064-2013

BEFORE:    LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 12, 2019**

William Eric Webb (Appellant) appeals from the June 8, 2018 order dismissing his motion to bar application of any version of sex offender registration requirements, which the lower court treated as a petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

> In March 2014, a jury convicted Appellant of four counts each of aggravated indecent assault and indecent assault, and not guilty of two counts of indecent assault.  Appellant's motion for extraordinary relief was denied on July 28, 2014. Appellant was subsequently found to be a Sexually Violent Predator [(SVP)] and was sentenced to an aggregate term of seven to fourteen years' imprisonment. Appellant filed a motion for reconsideration on August 6, 2014, which was denied by the court on December 5, 2014.
>
> Appellant appealed his judgment of sentence on December 31, 2014. However, appointed counsel discontinued the appeal on March 13, 2015.

*Retired Senior Judge assigned to the Superior Court.

On July 17, 2015, through new counsel, Appellant timely filed a PCRA petition, asserting ineffective assistance of trial counsel on several grounds. On December 17, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The court dismissed his petition on January 20, 2016.

*Commonwealth v. Webb*, 159 A.3d 39 (Pa. Super. 2016) (unpublished memorandum at 1) (footnote and unnecessary capitalization omitted). Appellant appealed the denial of his first PCRA petition to this Court; we affirmed. *See id.*

On March 13, 2018, Appellant filed a Motion to Bar Applicability of Sex Offender Registration and/or Petition for Writ of *Habeas Corpus* based on *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017)[1] and *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017),[2] *appeal granted*, 190 A.3d 581 (Pa. 2018). Appellant urged the lower court to construe his motion as a petition for a writ of *habeas corpus* or a motion seeking removal from any sex offender registration, but noted that if the court construed the motion as a PCRA petition "it is timely filed within 60

---

[1] In *Muniz*, our Supreme Court held that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive and retroactive application of those provisions violates the *ex post facto* clause of the Pennsylvania constitution.

[2] In *Butler*, this Court held that pursuant to *Muniz*, SORNA's SVP procedure is unconstitutional.

days of [Appellant's] learning of **Butler** and **Muniz**." Motion, 3/13/2018, at ¶ 21.

The PCRA court treated Appellant's motion as his second PCRA petition, and issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907 because it was untimely filed and lacked merit. Pa.R.Crim.P. 907 Notice, 4/25/2018, at n.1 (unnumbered). Appellant filed a response on May 15, 2018, and on June 8, 2018, the PCRA court dismissed Appellant's petition. This timely-filed appeal followed.[3]

Preliminarily, Appellant contends that his motion should not have been treated as a PCRA petition. **See** Appellant's Brief at 37-38. Because Appellant's claims implicate the legality of his sentence, his claims were cognizable under the PCRA and must therefore be brought under the PCRA. **See Commonwealth v. Johnson**, ___ A.3d ___, 2018 WL 6442321 at *2 (Pa. Super. Dec. 10, 2018) (concluding that Johnson's claim that SORNA could not be applied retroactively was cognizable under PCRA). Thus, the PCRA court properly considered Appellant's motion as a second PCRA petition.

---

[3] Appellant complied with Pa.R.A.P. 1925(b). The PCRA court complied with Pa.R.A.P. 1925(a) by referring this Court to its April 25, 2018 Rule 907 Notice and June 8, 2018 order dismissing Appellant's PCRA petition for its reasons relied upon in doing so. Memorandum Opinion, 7/25/2018, at 1 (unnumbered).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). When a defendant voluntarily discontinues a direct appeal, his judgment of sentence becomes final on the date of discontinuance. *See Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008) (citation omitted).

Here, Appellant was sentenced on July 28, 2014. He filed a direct appeal, which he discontinued on March 13, 2015. Thus, his judgment of sentence became final on March 13, 2015, and he had one year, or until March 14, 2016,[4] to file timely a PCRA petition. As such, Appellant's March 13, 2018 motion is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

---

[4] *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday…, such day shall be omitted from the computation.").

In his motion, Appellant attempts to plead the new-retroactive-right exception[5] by invoking ***Muniz*** and ***Butler***.  Motion, 3/13/2018, at ¶ 21.  This Court considered whether ***Muniz*** applied under similar circumstances in ***Commonwealth v. Murphy***, 180 A.3d 402 (Pa. Super. 2018).  In that case, this Court acknowledged

> that **this Court** has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera–Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in ***Rivera–Figueroa***), he must demonstrate that the **Pennsylvania Supreme Court** has held that ***Muniz*** applies retroactively in order to satisfy [sub]section 9545(b)(1)(iii).  Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on ***Muniz*** to meet th[e third] timeliness exception.

***Murphy***, 180 A.3d at 405–06 (emphasis in original; some citations omitted).

---

[5] This exception provides as follows.

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> ***
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii).

In other words, this Court concluded that the holding in **Muniz** does not apply at this point to untimely-filed PCRA petitions. The same holds true for **Butler**. This Court acknowledges that "if the Pennsylvania Supreme Court issues a decision holding that **Muniz** [or **Butler**] applies retroactively, [Appellant] can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new[-]retroactive[-]right' exception in [sub]section 9545(b)(1)(iii)." **Murphy**, 180 A.3d at 406 n.1.

Based on the foregoing, we conclude that Appellant's petition was filed untimely, and he has not proven an exception to the timeliness requirements. Thus, he is not entitled to relief. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/12/19