J-S11025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHOKKUMAR GURU | : | |
| | : | |
| Appellant | : | No. 2135 EDA 2018 |

Appeal from the PCRA Order Entered June 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000107-2010

BEFORE:  SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 21, 2019**

Ashokkumar Guru (Appellant) appeals *pro se* from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

On June 16, 2010, Appellant entered a negotiated guilty plea to the first-degree murder of his wife.  That same day, the trial court imposed upon Appellant the agreed-upon sentence of life imprisonment.[1]  Appellant did not file a post-sentence motion or direct appeal.

On June 14, 2011, Appellant filed a first, timely PCRA petition.  The PCRA court appointed counsel, who filed an amended PCRA petition.  On

_____

[1] In return for Appellant's guilty plea, the Commonwealth agreed to withdraw its notice of intent to seek the death penalty.

November 9, 2012, the PCRA court entered an order notifying Appellant of its intent to dismiss his PCRA petition without a hearing, pursuant to Pennsylvania Rule of Criminal Procedure 907. The PCRA court entered an order dismissing Appellant's PCRA petition on December 13, 2012. Appellant filed a timely appeal, after which this Court affirmed the dismissal of Appellant's first PCRA petition. *Commonwealth v. Guru*, No. 160 EDA 2013 (Pa. Super. Ct. Dec. 10, 2013). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 26, 2014.

Appellant filed the instant *pro se* PCRA petition, his second, on February 20, 2018. The PCRA court dismissed the petition on June 18, 2018. Appellant filed this timely appeal.[2]

On appeal, Appellant presents four issues:

1. Does an improperly filed charging document directly affect the Subject Matter Jurisdiction rendering all proceedings prior to the entry of a properly filed charging document VOID, if so, is First Degree Murder graded "H1" a properly filed charging document?

2. Does the Criminal Information dated January 11, 2010 8:18 AM charging ASHOK KUMAR GURU with a crime graded "H1" contain deficient and improper information on its face (Prima Facie), and is it an improper citation of the Codified Statute and Without Enacting Clause?

3. Does Statute of Title 18 2502 §§ A of a grading "H1" warrant a Mandatory life sentence even though Relator/Petitioner engaged in any other murder or voluntary manslaughter and/or possessed a criminal record, and did the Judge have Statutory Authorization to usurp the Legislature Branch

---

[2] Although the PCRA court filed an opinion, it did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

Government and impose such a sentence of Life without Parole on the Relator/Petitioner, ASHOK KUMAR GURU?

4. Did the Court have Maritime Contract when charging the entity defendant, ASHOK KUMAR GURU, who is a Trust and was it the Entity that was before the Court that was the injured party?

Appellant's Brief at 9.

Before examining whether Appellant's issues have merit, we note that the PCRA court denied relief on the basis that Appellant's petition was untimely. Our standard of review of an order denying PCRA relief is "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." *Commonwealth v. Holt*, 175 A.3d 1014, 1017 (Pa. Super. 2017) (citation omitted). Before we reach the merits of a petitioner's claim, Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." *Commonwealth v. McKeever*, 947 A.2d 782, 784-785 (Pa. Super. 2008) (citing omitted). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." *Id.* at 785. Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited

exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Until recently, a petition invoking an exception had to be filed within 60 days of the date the claim could have been presented. However, effective December 2017, and prior to Appellant filing his petition on February 20, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim could have been presented. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3. The change in the law from 60 days to one year does not impact our analysis in this case.

- 4 -

Appellant was sentenced on June 16, 2010. He did not file a direct appeal. Thus, his judgment of sentence became final 30 days later, when his time in which to file a direct appeal expired. Pursuant to subsection 9545(b), the time within which Appellant could file a timely PCRA petition ended one year later, on or about July 16, 2011. As Appellant's PCRA petition was not filed until February 20, 2018, it was facially untimely. Further, in his petition, Appellant did not allege any of the three exceptions to the one-year time limit.

The Commonwealth states that the PCRA court properly dismissed Appellant's PCRA petition because Appellant "failed to demonstrate any statutory exception to the time-bar." Commonwealth Brief at 4. Likewise, the PCRA court explained:

> Although [Appellant] raises several lengthy claims . . . they can be summarized thusly: The court lacked subject matter jurisdiction and statutory authority to hear his case and/or sentence him.

PCRA Court Opinion, 7/30/18, at 2. The PCRA Court concluded, "[Appellant] raises numerous arguments regarding the court's authority to hear his case and sentence him. These claims do not invoke any exceptions that excuse an untimely PCRA filing." PCRA Court Opinion, 7/30/18, at 4.

Our review confirms that Appellant is not entitled to relief. Appellant's brief is devoid of any meaningful or coherent argument as to why Appellant's petition should qualify for an exception to the PCRA's time bar. *See* ***Commonwealth v. Gibbs***, 981 A.2d 274, 284 (Pa. Super. 2009) (It is an appellant's obligation to sufficiently develop arguments in his brief by applying

- 5 -

the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors.).

Accordingly, we agree with the PCRA court that Appellant is not entitled to relief because his petition is untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/19