J-A09027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROGER JUAN TIRADO | : | |
| | : | |
| Appellant | : | No. 2396 EDA 2018 |

Appeal from the Order Entered July 18, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003589-2009

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                                **FILED MARCH 29, 2019**

Roger Juan Tirado (Appellant) appeals *pro se* from the order denying his petition for time credit.  We affirm.

On October 14, 2010, a jury convicted Appellant of burglary, trespass, theft by unlawful taking, and receiving stolen property.[1]  On December 6, 2010, the trial court sentenced Appellant to an aggregate 10 to 40 years of imprisonment.  Appellant filed a timely post-sentence motion, which the trial court denied on April 8, 2011.  While his post-sentence motion was still pending, however, Appellant filed a direct appeal with this Court on March 3, 2011.

On October 24, 2012, the Superior Court affirmed Appellant's judgment of sentence.  ***Commonwealth v. Tirado***, 62 A.3d 464 (Pa. Super. 2012)

---

[1] 18 Pa.C.S.A. §§ 3502, 3503, 3921, and 3925.

---

* Retired Senior Judge assigned to the Superior Court.

(unpublished memorandum). Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on July 23, 2013. *Commonwealth v. Tirado*, 70 A.3d 811 (Pa. 2013). Appellant did not seek further review with the United States Supreme Court.

On April 29, 2014, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. Counsel was appointed, an amended petition was filed, and two hearings were held. On May 11, 2015, the PCRA court denied relief. Appellant appealed the denial of his petition on June 9, 2015, and this Court affirmed the denial on October 25, 2016. *Commonwealth v. Tirado*, 159 A.3d 55 (Pa. Super. 2016) (unpublished memorandum).[2]

On June 5, 2018, Appellant filed the underlying *pro se* "Petition for Time Credit." The court denied Appellant's petition on July 18, 2018, and Appellant filed this timely appeal. Appellant's sole issue is that the court erred in failing to credit him for 81 days he served in Bucks County Prison. *See* Appellant's Brief at 4-9.

At the outset, we note that Appellant's petition must be construed as being raised under the PCRA. It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. *See Commonwealth*

_____

[2] We note that Appellant also filed a writ of *habeas corpus* with the United States District Court in the Eastern District of Pennsylvania on January 5, 2017. Appellant's writ was denied on May 9, 2018. *Tirado v. Sommers*, 2018 WL 2129488 (E.D. Pa. May 9, 2018).

*v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). Even though a petition for time credit challenges the legality of the sentence, it is cognizable under the PCRA. **See Commonwealth v. Davis**, 852 A.2d 392, 399-400 (Pa. Super. 2004). Accordingly, Appellant's petition seeking time credit was his second PCRA petition, and the court should have treated it as such. Because the court did not treat the petition as a PCRA petition, it did not give Appellant notice of intent to dismiss or afford him the opportunity to amend the petition. **See** Pa.R.Crim.P. 907(1); Pa.R.Crim.P. 905(B). In this regard, the PCRA court erred. However, Appellant has not challenged the court's order on these grounds, and the failure to challenge the absence of a Rule 907 notice results in waiver of that issue. **Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013). Furthermore, "even if the issue is raised, where the petition is untimely, it does not automatically warrant reversal." **Id.**

Having established that the court should have treated Appellant's petition for time credit as a second PCRA petition, we must address the petition's timeliness. Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." **Commonwealth v. McKeever**, 947 A.2d 782, 784-85 (Pa. Super. 2008). Therefore, "no court may disregard, alter, or create

equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." *Id.* at 785.

The record in this case reflects that Appellant's judgment of sentence became final on October 21, 2013. *See* U.S. S. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (finding that appellant's judgment of sentence became final on August 13, 1996, 90 days after Supreme Court of Pennsylvania denied appellant's petition for *allocatur* on May 15, 1996). As discussed above, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 23, 2013. Thus, Appellant's judgment became final 90 days later, on October 21, 2013, and he had one year – until October 21, 2014 – to file a timely petition under the PCRA. Since Appellant filed the underlying petition on June 5, 2018, it is facially untimely. Although the one-year time limit may be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, Appellant has not alleged or proven any exception.

We conclude, therefore, that even if the court had not erred by failing to treat Appellant's petition for time credit as a PCRA petition, Appellant would have been unable to satisfy the PCRA's timeliness requirements.[3] Accordingly, the PCRA court lacked jurisdiction to entertain Appellant's claim, as do we.

Order affirmed.

Judge Kunselman joins the memorandum.

Judge Pellegrini concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/19

---

[3] The rationale of the PCRA Court is not binding upon this Court; thus, we may affirm on any basis. **See Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012).