J-S11022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM LEONHAUSER | : | |
| | : | |
| Appellant | : | No. 3968 EDA 2017 |

Appeal from the PCRA Order November 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1002581-2000

BEFORE:  SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 03, 2019**

William Leonhauser (Appellant) appeals *pro se* from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the relevant factual and procedural history as follows:

> On December 13, 2002, following a bench trial before the Honorable Anthony J. DeFino, Appellant was found guilty of [k]idnapping, [u]nlawful [r]estraint[,] and [f]alse [i]mprisonment. On March 3, 2003, Judge DeFino sentenced Appellant to 25 to 50 years' incarceration for [k]idnapping pursuant to 42 Pa.C.S. § 9714(a)(2) ("three strikes" law), with no further penalties imposed on his remaining convictions.
>
> Appellant timely filed a direct appeal to the Pennsylvania Superior Court, which affirmed the judgment of sentence on August 3, 2004.  Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on December 9, 2004.  Appellant did not seek further discretionary review in the United States Supreme Court.

On March 8, 2005, Appellant timely filed a PCRA petition. PCRA Counsel, David Rudenstein, Esquire, was appointed, and on January 11, 2006, he filed an amended petition. Judge DeFino dismissed the petition on November 9, 2006. Appellant timely appealed to the Superior Court, which affirmed the dismissal on January 24, 2008.

On March 10, 2008, Appellant filed a federal petition for writ of *habeas corpus*, which was dismissed on November 18, 2010. While that petition was pending, on August 7, 2008, he filed a second PCRA petition, which [the PCRA court] dismissed on May 20, 2010.

On June 1, 2012, Appellant filed a third PCRA petition -- the petition at bar -- alleging that trial counsel, Jack McMahon, Esquire, never informed him that the Commonwealth had made a plea offer. On April 2, 2013, the [PCRA court] issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907.

Appellant did not file objections or otherwise respond to the Rule 907 Notice. The record reflects, however, that Appellant's third PCRA petition was never formally dismissed. As such, Appellant's third PCRA petition remains operative.

Nonetheless, on June 25, 2015, Appellant filed an ostensible fourth PCRA petition, once again asserting trial counsel's ineffectiveness for failing to convey the Commonwealth's plea offer. Rather generously, the [PCRA court] appointed PCRA counsel, Sandjai Weaver, Esquire, to represent Appellant. Discontented with Mr. Weaver, however, Appellant filed a motion for new counsel; the [PCRA court] granted the motion and appointed Richard Blok, Esquire, to represent him.

On May 6, 2017, Mr. Blok filed a motion to withdraw as counsel; the [PCRA court] granted the motion and appointed Lauren Baraldi, Esquire, as counsel. On June 27, 2017, Ms. Baraldi filed her own motion to withdraw, which the Court granted; Demetra Mehta, Esquire, thereafter was appointed to represent Appellant.

On September 18, 2017, counsel filed a *Turner*/*Finley* letter and a motion to withdraw. On September 20, 2017, upon independent review of the record, the [PCRA court] issued a

Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a motion for extension of time to respond to said Notice on September 29, 2017, followed by a *pro se* "Rebuttal to PCRA Counsel['s] No Merit Letter" on October 20, 2017.

On November 20, 2017, counsel for the parties appeared before the Court to address Appellant's rebuttal:

> [PCRA court]: . . . So [Appellant], he did file a rebuttal.
>
> [Attorney Mehta]: Correct.
>
> [PCRA court]: And have you had a chance to look at that?
>
> [Attorney Mehta]: I have but [] he does not address, to my satisfaction, how one would get around the time bar issue. I don't see how he can ever be successful with this argument.
>
> [PCRA court]: Right. So it is, as far as your [*Finley* letter, it] addressed this issue and [there] is not [a new] issue to be addressed?
>
> [Attorney Mehta]: I feel that I have. If Your Honor wants me to amend it, I can.
>
> [PCRA court]: No. I believe that was really the main issue with the [*Finley* letter] and it's still the same issue. So I will -- having taken note of [Appellant's] *pro se* rebuttal to the 907 [Notice], that rebuttal does not state a claim upon which relief could be granted, so this PCRA is dismissed.

(N.T. 11/20/17, pp. 2-3).

PCRA Opinion, 9/11/18, at 1-4 (footnotes omitted).

At the conclusion of the November 20, 2017 hearing, the PCRA court issued an order dismissing Appellant's petition, and granted Attorney Mehta's request to withdraw as counsel of record. On December 6, 2017, Appellant

filed the instant appeal. Both Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues:

1. DOES PETITIONER'S CLAIM THAT TRIAL COUNSEL FAILED TO ADVISE HIM OF A PLEA OFFER SATISFY THE EXCEPTION ALLOWED BY 42 Pa. C.S. § 9545(b)(1)(ii)?

2. THE COMMONWEALTH'S PLEA OFFER CONSTITUTES NEWLY DISCOVERED FACTS PREVIOUSLY UNKNOWN TO [APPELLANT]. SEE 42 Pa. C.S. § 9545(b[)](1)(ii). THE PLEA OFFER IS AFTER DISCOVERED EVIDENCE UNDER 42 Pa. C.S. § 9545(a)(2)(vi).

3. TRIAL COUNSEL DID NOT CONVEY TO APPELLANT THE COMMONWEALTH'S PLEA OFFER, WHICH VIOLATED APPELLANT'S UNITED STATES CONSTITUTIONAL RIGHTS UNDER THE SIXTH AMENDMENT.

4. PCRA COUNSEL WAS INEFFECTIVE FOR FAILING [sic] A NO MERIT LETTER, FAILING TO APPRISE HERSELF AND RESEARCH APPLICABLE LAW, BY REFUSING TO REVIEW RECENT CLEARLY APPLICABLE APPELLATE COURT RULINGS THAT EXEMPT PRO SE [INCARCERATED] LITIGANTS FROM THE DUE DILIGENCE REQUIREMENTS OF 42 Pa. C.S. §§ 9545(a)(2) and 9545(b)(i)(i-iii).

5. THE PCRA COURT ABUSED ITS DISCRETION BY FAILING TO CONSIDER AND REPLY TO [APPELLANT'S] REBUTTAL TO PCRA COUNSEL'S NO MERIT LETTER. THE COURT WAS DERELICT BY FAILING TO REVIEW AND APPLY RECENT APPELLATE COURT RULINGS AND ABUSED ITS DISCRETION BY FAILING TO HOLD THE REQUIRED EVIDENTIARY HEARING.

Appellant's Brief at 1-2.

As the PCRA court acknowledges, Appellant's third PCRA petition filed June 1, 2012 is still outstanding. However, consistent with our holding in **Commonwealth v. Montgomery**, 181 A.2d 359 (Pa. Super. 2018), we may consider Appellant's appeal from the dismissal of his subsequently-filed fourth

- 4 -

petition, as "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal, and therefore, not yet final." *Id.* at 365 (footnote omitted). Thus, the PCRA court had jurisdiction to dismiss Appellant's petition, and Appellant's appeal is properly before us.

In reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. *See Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. *Id.*

Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." *Commonwealth v. McKeever*, 947 A.2d 782, 784-85 (Pa. Super. 2008) (citation omitted). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." *Id.* at 785.

Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth

at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." ***Commonwealth v.***

***Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to

the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Appellant concedes that his PCRA petition is untimely, but invokes the

newly-discovered facts exception of Section 9545(b)(1)(ii). Appellant's Brief

at 7. Appellant argues that he had no knowledge of a written plea offer made

by the Commonwealth prior to his trial in October of 2002. ***Id.*** Appellant

alleges – consistent with his assertion in his June 1, 2012 PCRA petition

generally alleging that trial counsel never informed him of a plea offer – that

he obtained "newly discovered evidence" regarding the alleged plea offer on

May 15, 2015, when he obtained pages of his trial court docket which included

"concealed . . . on one page a hand written 'notation' dated November 17,

2000 of a plea offer being 'rejected.'" ***Id.*** at 10.

- 6 -

The newly-discovered fact exception:

> has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

**Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (citations omitted) (emphasis removed).

In addition to claiming that he meets the Section 9545(b)(1)(ii) exception to the PCRA time-bar, Appellant also alleges that because he was never informed of the alleged plea offer prior to going to trial, his "trial counsel rendered ineffective assistance of counsel and [Appellant's] Sixth Amendment [r]ights were violated." Appellant's Brief at 16. With regard to a claim of ineffectiveness of counsel, no exception to the time-bar exists and such a claim must therefore be brought within the one-year time limit prescribed by Section 9545(1). 42 Pa.C.S.A. § 9545(b)(4) ("For purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained."); **see also Commonwealth v. Edmiston**, 65 A.3d 339, 349 (Pa. 2013) ("[W]e note that we have previously rejected attempts to circumvent the timeliness requirements of the PCRA by asserting prior counsel's ineffectiveness[.]"); **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) ("Allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.").

In response to Appellant's claims, the Commonwealth argues:

> [Appellant's] petition is facially untimely. It makes no difference whether the filing date is calculated using [Appellant's] latest petition, or the way the PCRA court did by using [the] one he filed in 2012. Both were filed years after [Appellant's] conviction became final.
>
> Nor does [Appellant] establish any statutory exception excusing the untimeliness of his petitions. He has neither plead nor proven facts that would show either was filed within 60 days of an event which could excuse an untimely petition, or explaining the delay.
>
> The record demonstrates that [Appellant] could have discovered the facts which purportedly support his claim over a decade ago, either when proceeding *pro se* or after he had been appointed counsel. [Appellant's] argument relies on evidence outside the record, and is contradicted by the existing record multiple times. Accordingly, no relief is due.

Commonwealth's Brief at 5.

Upon review, we agree that Appellant has failed to plead and prove a Section 9545(b)(1) exception.[1] It is undisputed that Appellant's PCRA petition is untimely. Although Appellant claims he met the after-discovered fact exception to the time-bar, the record does not support that finding. Appellant never explains why he was precluded – for more than a decade – from learning

---

[1] We note that until recently, a petition invoking an exception had to be filed within 60 days of the date the claim could have been presented. However, effective December 24, 2017, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3 ("[T]he amendment . . . shall apply to claims arising on Dec. 24, 2017 or thereafter."). The change in the law does not impact Appellant or our analysis in this case.

about the "missing pages" and the November 17, 2000 "handwritten notation" on the docket. The PCRA court explained:

> Here, Appellant's primary complaint – ineffective assistance of counsel for failure to convey an alleged plea offer – fails. It is well settled that counsel ineffectiveness claims generally do not comprise an exception to the PCRA's time bar provision.
>
> ... [Moreover,] Appellant repeatedly has failed to articulate, let alone demonstrate, any temporal specifics surrounding the "discovery" of the alleged plea offer whatsoever. Indeed, in his June 1, 2012 PCRA petition, Appellant merely alleged that he "was not aware of these facts until *recently* when it was found on Documents by the Court."
>
> Similarly, in his June 25, 2015 PCRA petition, Appellant provided no temporal specifics whatsoever; instead, he solely asserted that he "was informed of said plea agreement by reviewing court status records."
>
> Further, even in his October 20, 2017 "Rebuttal" to the Rule 907 Notice, Appellant failed to grace us with any temporal information. In fact, the most he supplied was "thereafter": "<u>Thereafter</u>, while recreating his personal case file . . . he discovered a typed notation [indicating a plea offer had been rejected]."
>
> Appellant's failure to allege, much less demonstrate, the temporal specifics surrounding his "discovery" – in a proceeding where time is of the jurisdictional essence – is fatal.

PCRA Court Opinion, 9/11/18, at 6-8 (italics and underline in original, case law and record citations omitted).

Consistent with the foregoing, Appellant has failed to qualify for an exception to the PCRA's time-bar. We therefore affirm the PCRA court's order. Appellant's motion regarding his reply brief is denied as moot as his reply brief was received and filed with this Court on March 13, 2019

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/19