J-S21018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                     :           PENNSYLVANIA
                                                     :

              v.                              :

JACOB MATTHEW CHRISTINE        :

             Appellant         :    No. 3555 EDA 2018

Appeal from the PCRA Order Entered November 19, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003344-2009

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:             **FILED APRIL 26, 2019**

Jacob Matthew Christine (Appellant) appeals *pro se* from the dismissal

of his third petition seeking relief under the Post Conviction Relief Act (PCRA),

42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

The PCRA court detailed the relevant facts and procedural history as

follows:

> [Appellant] was convicted of Aggravated Assault and
> Recklessly Endangering Another Person by a jury on October 7,
> 2010. The conviction resulted from an incident that occurred in
> Northampton County Prison (NCP) on June 8, 2009. The trial
> record established that on June 8, 2009, [Appellant] and his
> victim, Thomas Misero (Misero), were inmates in NCP when a
> confrontation between the two men occurred in [Appellant's] cell
> in Unit B-2. The cell housed 8 inmates in four rows of bunk beds.
> While in [Appellant's] cell, [Appellant] was alleged to have slashed
> Misero's neck and ear with a razor blade. Misero testified that
> [Appellant's] assault was unprovoked. Another inmate in
> Northampton County Prison, Daniel Rice, was called by the
> Commonwealth. Rice testified that he witnessed Misero go into
> [Appellant's] cell, heard a fight occur and came into the cell as
> [Appellant] and Misero were being separated. Rice witnessed

Misero's wounds, but did not witness the fight. Rice also testified that [Appellant] told him the fight was over twenty dollars that Misero owed [Appellant]. During his direct and cross, Rice was asked about any deal or consideration that the Commonwealth was giving him in return for his testimony. Rice testified that he was not promised anything in return for his testimony.

\*\*\*

[Appellant] pursued post-sentence motions and an appeal through the appellate courts. The Pennsylvania Supreme Court issued an Order affirming [Appellant's] conviction on [October] 27, 2015.

[Appellant's] first PCRA was filed on February 22, 2016. In the first PCRA, [Appellant] raised a series of claims, including ineffective assistance of counsel and the existence of "new evidence" consisting of prosecutorial misconduct alleging that the Assistant District Attorney (ADA) intimidated Rice and suborned Rice's perjured testimony by promising Rice a hidden deal on his criminal charges in exchange for his perjured testimony.

We held our first hearing on the PCRA on July 11, 2016. [Appellant] was represented by PCRA counsel. At the hearing, we heard from Rice's guilty plea counsel, Rice's PCRA counsel, and [Appellant]. We learned that on September 15, 2010, shortly after [Appellant's] trial, Rice was given a 4-8 year sentence as part of a negotiated plea with a sentence bargain for a bank robbery in which he was the getaway driver. At sentencing, Rice acknowledged that he got the benefit of his negotiated bargain. Apparently, Rice's co-defendant was later given a 3 to 6 year sentence. Upon finding that his co-defendant (who actually entered the bank to commit the robbery) got a lesser sentence, Rice filed for PCRA relief asking for reconsideration and/or for the same sentence his co-defendant received. Rice also claimed in his PCRA that he was promised a sentence reduction by the ADA. During the PCRA hearing, both of Rice's attorneys testified that they were not aware that any prior promises were made to Rice for his testimony against [Appellant]. Rice's PCRA attorney testified that he did raise the inequitable sentencing situation with the ADA. Thereafter, the ADA (the same ADA who prosecuted [Appellant]) agreed with his proposal that a fair resolution would be to give Rice the same sentence as the actual robber. Rice agreed to accept the new resolution. On September 30, 2011, as

part of the resolution of Rice's PCRA, the Judge modified Rice's sentence to 3-6 years, with the agreement of the ADA.

[Appellant] also testified at his PCRA hearing. [Appellant] presented the report of a private investigator, John Stahr, a retired Detective from the Bethlehem Police Department who was apparently sent to interview Rice by [Appellant's] Public Defender, prior to [Appellant's] trial. The entirety of Stahr's report as it relates to his hearsay summary of his interview with Rice is as follows:

> I asked Rice if he saw Misero approach [Appellant's] cell and he told me that he had. Rice said that Misero had a cup in his hand and that he saw him walk into [Appellant's] cell. Rice said that he saw a scuffle start and then someone yelled that they were fighting. Rice told me that he went to the cell but the fight was over. [Appellant] and Misero were arguing about a dispute on the street but he did not know what it involved. Rice had nothing further to add and the interview was terminated.

Report of John Stahr, April 12, 2010.

[Appellant] argued that Rice's PCRA filing and the Stahr report establish both the secret sentencing deal Rice reached with the ADA and that the ADA suborned perjured testimony from Rice. PCRA Counsel asked to recess the hearing as he considered calling additional witnesses. No other hearings were held, even though we recessed the hearing to allow PCRA Counsel to call possible additional witnesses.

On December 30, 2016, we entered our Order denying [Appellant's] first Petition. Our December 30, 2016 Order was appealed. On January 3, 2018, the Superior Court affirmed our Order denying post-conviction relief. In the Superior Court's decision, the Court discussed the alleged improper "secret deal" between the ADA and Rice in which the ADA allegedly influenced Rice to change his testimony and/or the ADA knowingly proffered perjured testimony of Rice at trial, before concluding that there was no credible evidence of a "secret deal" or that the ADA misrepresented facts or proffered perjured testimony. The Superior Court's detailed analysis can be found in its January 3, 2018 Opinion (pp. 4-12), where the Superior Court finally stated:

- 3 -

"We conclude, therefore, that the record supports the PCRA court's finding that [Appellant], who had the burden of proof, presented no competent or credible evidence in support of his bald theory that the ADA lied during the trial." See Superior Court Opinion, No. 337 EDA 2017, January 3, 2018 at page 12.

\*\*\*

On May 7, 2018, [Appellant] filed his second PCRA Petition advancing the same theory and based upon the same factual predicate, with additional evidence consisting of a written statement (an affidavit) from Rice which [Appellant] argued constituted "newly discovered evidence" under the PCRA. The Affidavit signed by Rice alleges that the ADA offered Rice reduced time in exchange for his testimony, and that his original statement to the "initial investigator" who visited him in prison was his true statement.

PCRA Court Opinion, 11/19/18, at 1-6.

On May 15, 2018, the PCRA court issued notice of intent to dismiss Appellant's second PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. The PCRA court dismissed the petition on June 11, 2018. Appellant did not file an appeal.

On September 24, 2018, Appellant filed the instant PCRA petition, his third. Again, Appellant has claimed that a sworn affidavit from Rice constituted after-discovered evidence which entitles Appellant to a new trial. On October 11, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. The court dismissed the petition on November 19, 2018 on the basis that it lacked jurisdiction because the petition was untimely. Appellant filed this appeal.

- 4 -

On appeal, Appellant presents a single issue:

> 1) DID THE LOWER COURT ERR IN FAILING TO GRANT A PCRA EVIDENTIARY HEARING WHERE [APPELLANT] PRESENTED A SWORN AFFIDAVIT FROM A COMMONWEALTH WITNESS THAT "ALL [HIS] TRIAL TESTIMONY WAS FALSE," THAT "[APPELLANT] WAS DEFENDING [HIM]SELF FROM [THE VICTIM]," AND THAT THE ONLY REASON [THE WITNESS] TESTIFIED AGAINST [APPELLANT] WAS BECAUSE THE ADA MADE A SECRET DEAL WITH [THE WITNESS] PRIOR TO TRIAL TO CHANGE HIS TESTIMONY FROM EXCULPATORY TO INCULPATORY IN EXCHANGE FOR A SENTENCE REDUCTION ON HIS BANK ROBBERY CONVICTION THAT WAS HIDDEN FROM [THE] JURY.

Appellant's Brief at 4 (underline in original).

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Williams*, 196 A.3d 1021, 1026-27 (Pa. 2018) (quoting *Commonwealth v. Washington*, 927 A.2d 586, 593 (Pa. 2007)). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013).

Instantly, we must first address the timeliness of Appellant's petition, because the PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address a petition's merits; a petitioner seeking post-conviction relief must file a petition within one year of the petitioner's judgment of sentence becoming final. *See, e.g.,*

*Commonwealth v. Smith,* 194 A.3d 126, 132 (Pa. Super. 2018); *see also* 42 Pa.C.S.A. § 9545(b)(1). Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." *Commonwealth v. McKeever*, 947 A.2d 782, 784-85 (Pa. Super. 2008). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." *Id.* at 785.

Appellant's third PCRA petition is patently untimely. The Pennsylvania Supreme Court affirmed Appellant's judgment of sentence on October 27, 2015. Appellant sought reargument with the Supreme Court, which was denied on January 26, 2016. Under U.S. Sup. Ct. R. 13, Appellant had 90 days to petition for a writ of certiorari with the United States Supreme Court, but did not do so. A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant's judgment of sentence became final on April 25, 2016, and he had to file his PCRA petition by April 25, 2017 to meet the PCRA's time restrictions. The underlying petition was not filed until September 24, 2018.

It is well-settled that a court does not have jurisdiction to entertain a petition filed after the one-year time-bar unless the petitioner pleads and proves one of the time-bar exceptions. The exceptions include:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this Section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Until recently, a petition invoking an exception had to be filed within 60 days of the date the claim could have been presented. However, effective December 2017, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim could have been presented. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3. Although we note the change in the law from 60 days to one year, and its application to Appellant, the change does not impact our analysis.

Appellant argues that the PCRA court should have held a hearing on his third PCRA petition and vacated his conviction because he presented sworn

affidavits from Rice documenting Rice's "secret deal" with the Commonwealth. *See* Appellant's Brief at 17 (stating that the PCRA court erred by failing to conduct a hearing where the witness, Rice, "confesses" that "all his trial testimony was false," and Appellant "was defending himself from Misero."). Although Appellant recognizes the PCRA's time-bar and asserts that he has presented newly discovered evidence to circumvent the time requirement, this assertion is belied by the record. As noted by the Commonwealth, Appellant "has failed to prove [the newly discovered evidence] exception to the timeliness requirement because he has not shown that these facts were unknown to him and that he exercised due diligence." Commonwealth Brief at 10. Moreover, as the PCRA court recognizes, Appellant may not re-raise issues that were previously litigated. PCRA Court Opinion, 11/19/18, at 17 (citing 42 Pa.C.S.A. § 9544, providing that an issue has been previously litigated where, *inter alia*, "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence."). The PCRA court thoroughly analyzed Appellant's third claim for post-conviction relief, stating:

> [Appellant's] third PCRA alleging new evidence . . . is actually a reiteration of [Appellant's] previous assertions addressing whether or not Misero was holding anything in his hand when he entered [Appellant's] cell and claiming that the District Attorney promised Rice some undefined sentencing benefit in return for falsifying his testimony.

PCRA Court Opinion, 11/19/18, at 18.

The PCRA court observed that "rather than constituting new evidence, Rice's affidavits merely regurgitate stale evidence," and thus, Appellant's

- 8 -

evidence "is both repetitive and cumulative." *Id.* at 21. The court accurately explained:

> [Appellant's] claim does not qualify as after-discovered evidence under the PCRA, as the claim about the truthfulness or accuracy of Rice's testimony was known (and addressed) at the original trial, nearly ten years ago. Frankly, if anything, Rice continues to be consistent with his uncertain memory in each affidavit. Further, after the expiration of ten years after this issue was first addressed at his trial, [Appellant] cannot meet the due diligence requirement of the PCRA.

*Id.* at 20. *See also* 42 Pa.C.S.A. § 9545(b)(1)(ii).

For the above reasons, we agree that Appellant has failed to plead and prove an exception to the PCRA's time-bar, and is not entitled to relief. Because the he PCRA court did not abuse its discretion, we affirm its order dismissing Appellant's petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/19