**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VERNON HAWKINS | : | |
| | : | |
| Appellant | : | No. 2288 EDA 2017 |

Appeal from the Judgment of Sentence March 23, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0509221-1991

BEFORE: BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED MAY 12, 2020**

Vernon Hawkins appeals from the aggregate judgment of sentence of ten to twenty years of incarceration imposed in the above-captioned case ("the Tobin Inn case"). We affirm.

Appellant, a juvenile member of Philadelphia's Haynes Gang drug cartel, participated in a violent, drug-related gang war against the Junior Black Mafia ("JBM") in 1989. Appellant's actions in this conflict led to the filing of three separate criminal actions against him. The first, filed at CP-51-CR-0927621-1989 ("the Cab Driver case"), was based upon Appellant's shooting of a cab driver on July 27, 1989. The second, filed at CP-51-CR-0438781-1990 ("the Chalmers Street case"), involved the earlier events of February 3, 1989, when Appellant and fellow gang members opened fire on a car they mistakenly

_____

[*] Retired Senior Judge assigned to the Superior Court.

believed to be owned by a member of the JBM, resulting in the death of one man and the wounding of two others. The above-captioned case was the third, and it stemmed from Appellant's informing his comrades that JBM members were at the Tobin Inn Restaurant and planning with them to conduct the armed assault that resulted in another death and severe injuries to two other men.[1]

Appellant entered separate guilty pleas in the three cases on separate dates. First, in June 1990, Appellant entered an open guilty plea to aggravated and simple assault in the Cab Driver case. Sentencing was deferred pending plea negotiations in the Chalmers Street case. In July 1990, the parties reached a plea agreement in the Chalmers Street case pursuant to which (1) Appellant pled guilty to two counts of aggravated assault and one count each of third-degree murder, conspiracy, and possessing an instrument of crime, for an aggregate sentence of thirty to sixty years of imprisonment; (2) Appellant pledged to cooperate with prosecutors in the cases against his fellow gang members; and (3) the Commonwealth *nolle prossed* the first-degree murder charge and agreed that Appellant's sentences in Appellant's other cases would run concurrent with, and not exceed, the thirty-to-sixty-year term.

---

[1] Appellant had intended to participate in the assault, but his cohorts ran off and perpetrated the shooting without him.

In 1991, after Appellant had fulfilled the cooperation component of the plea agreement in the Chalmers Street case, charges were filed in the Tobin Inn case and Appellant agreed to plead guilty to conspiracy, possessing an instrument of a crime, corrupt organizations, and two counts of aggravated assault. Consistent with the terms of the plea in the Chalmers Street case, the Commonwealth agreed that Appellant's sentence in the instant case would be concurrent with the Chalmers Street case sentence.

Appellant was sentenced in the Cab Driver case in September 1993 to a term of ten to twenty years of imprisonment to be served concurrently with the sentences that were yet to be imposed in the other two cases. Appellant appeared for sentencing in the Chalmers Street case and the instant Tobin Inn case in August 1994. Appellant made an oral motion to withdraw his pleas on the basis that his thirty-to-sixty-year sentence was unfair because "all of the co-defendants against whom he testified received sentences of half that amount or less."[2] N.T. Sentencing, 8/9/94, at 6. The court denied the motion and proceeded to sentence Appellant.

In the Chalmers Street case, the court imposed consecutive terms of ten to twenty years each on the murder and two aggravated assault convictions, for the agreed-upon aggregate of thirty to sixty years. *Id*. at 49.

_____

[2] The Commonwealth indicated that Appellant's representation was "not even close to accurate," as many of the defendants involved in the two murder cases in fact received life sentences, while other actors less culpable than Appellant did receive lesser sentences. N.T. Sentencing, 8/9/94, at 7-8.

In the case *sub judice*, the trial court imposed ten-to-twenty-year terms for each of the three convictions—corrupt organizations and two counts of aggravated assault, with no further penalty on the other counts. Each of these sentences ran concurrent with the other Tobin Inn case sentences, as well as concurrent with those imposed in the Chalmers Street and Cab Driver cases, for an aggregate term of ten to twenty years of imprisonment. ***Id***. at 51.

In 1996, our Supreme Court ruled that the corrupt organizations statute under which Appellant had been convicted in the instant case was inapplicable to wholly illegitimate enterprises such as illicit drug cartels. ***See Commonwealth v. Besch***, 674 A.2d 655, 661 (Pa. 1996) (holding Pennsylvania's corrupt organizations law applied only to the criminal infiltration of legitimate businesses). Based upon our Supreme Court's determination that ***Besch*** did not announce a new rule, but rather offered an explanation of the meaning of a term that dates back to its original enactment,[3] the United States Court of Appeals for the Third Circuit held that convictions based upon participation in wholly illicit enterprises were constitutionally invalid and warranted *habeas corpus* relief in the form of vacating the conviction. ***See Kendrick v. Dist. Attorney of Cty. of Philadelphia***, 488 F.3d 217, 219 (3d Cir. 2007). The Third Circuit also held that, when such relief involved vacating fewer than all convictions entered

---

[3] ***See Kendrick v. District Attorney of Philadelphia County***, 916 A.2d 529 (Pa.2007).

- 4 -

upon a guilty plea, the whole plea is not necessarily rendered invalid—if the corrupt organization charges "were not an essential part of the agreed exchange, rescission of the plea is not necessary" and the state court may vacate the invalid convictions and resentence the defendant "based upon the remainder of the plea agreement." *McKeever v. Warden SCI-Graterford*, 486 F.3d 81, 89 (3d Cir. 2007).

Relying upon these rulings, Appellant pursued a petition for writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. He requested not only that his corrupt organizations conviction in the Tobin Inn case be vacated, but that the court "vacate all of [Appellant's] plea agreements on the grounds that they were not knowing and voluntary[.]" *Hawkins v. Wetzel*, 14-CV-03057-BMS, 2015 WL 11143390, at *1 (E.D.Pa. December 29, 2015). The federal magistrate judge recommended that the instant case should be remanded to the trial court for Appellant's corrupt organizations conviction and sentence to be vacated and for the court to determine whether to rescind the Tobin Inn case plea agreement in its entirety.[4] *Id*. at *3. The magistrate judge recommended rejection of

_____

[4] Although acknowledging that the decision was for the state court to make, the magistrate noted that "[u]nder the particular circumstances of this case, vacating the plea agreement to the other charges in the Tobin's Inn case seems unnecessary." *Hawkins v. Wetzel*, 14-CV-03057-BMS, 2015 WL 11143390, at *3 (E.D.Pa. December 29, 2015).

Appellant's claims as to the Cab Driver and Chalmers Street cases, explaining

as follows:

The Tobin's Inn shooting is the only one of the three cases containing the problematic [corrupt organizations] charge. Other than to say the cases are "related," [Appellant] has not adequately explained why the [corrupt organizations] charge in the Tobin's Inn shooting vitiates the plea agreements and guilty pleas in the cab driver and Chalmers Street shooting cases, both of which occurred before the Tobin's Inn guilty plea.

It is clear that the Tobin's Inn case was not an "essential part" of the plea agreements in the Chalmers Street and cab driver shooting cases. *See* [the decision in the case of Appellant's Tobin Inn shooting co-defendant in] *Hayman*[ *v. Pennsylvania*, 624 F.Supp.2d 378, 387 (E.D.Pa. 2009)] (because the [corrupt organizations] charge was not an "essential part" of the plea agreement, there was no need to vacate the plea agreement in its entirety). The Chalmers Street murder resulted in a plea agreement to a 30-60 year sentence in 1990. At the time Hawkins had already been charged with the cab driver shooting and knew he likely faced charges in the Tobin's Inn shooting. The parties agreed that sentences in the other shooting cases would run concurrent with the Chalmers Street sentence and would not exceed the 30-60 year sentence to be imposed in the Chalmers Street murder. The Chalmers Street murder case was the locomotive that drove the train. The Tobin's Inn shooting was the caboose.

While [Appellant]'s cooperation in various matters on behalf of state and federal agencies appears to have been significant, the fact remains that he was involved in at least three shootings, two of which ended in the deaths of innocent people. [Appellant] was not even charged in the Tobin's Inn shooting case until April, 1991, long after he pled guilty to the cab driver shooting (in June, 1990) and the Chalmers Street shooting (in July, 1990). In September, 1993, [Appellant] was sentenced by Judge Jackson to 10-20 years' incarceration in the cab driver shooting. The case did not involve a [corrupt organizations] charge. The sentence was to run concurrently with any sentence imposed in the Chalmers Street shooting. In August of 1994, Judge Maier sentenced [Appellant], in the Tobin's Inn shooting, to 10-20 years'

incarceration, to run concurrent with the Chalmers Street sentence of 30-60 years, imposed at the same hearing.

The [corrupt organizations] charge was not a part of, much less an "essential part" of, the guilty plea agreement in either the Chalmers Street or the cab driver shootings. In **Hayman** the court remanded for resentencing, while deciding that the [corrupt organizations] charge was not "sufficiently central to the [plea] agreement to render the agreement invalid." In **Hayman**[, Appellant's co-]defendant pled guilty to a [corrupt organizations] charge, for which he received a sentence of 2½ to 5 years imprisonment, to be served concurrent with a 10 to 20 year sentence for murder. **Hayman** involved one plea agreement to a set of charges arising out of one criminal episode–the Tobin's Inn murder. Nevertheless, the court found that the [corrupt organizations] charge did not vitiate the voluntariness of the guilty pleas to other counts. [Appellant's] argument is far more attenuated than Hayman's. [Appellant] seeks to rescind plea agreements in other, unrelated shootings as a result of the invalidity of the [corrupt organizations] charge in the Tobin's Inn shooting. [Appellant's] argument is meritless. The plea to the [corrupt organizations] charge in the Tobin's Inn shooting was not an "essential part" of [Appellant's] guilty pleas in the Chalmers Street and cab driver shootings.

*Id*. at *4 (footnotes and some citations omitted).

The district court approved and adopted the magistrate's recommendation, conditionally granting Appellant's petition as to the corrupt organizations conviction in the Tobin Inn Case at issue in this appeal, but staying execution of the writ to allow the trial court to vacate only that conviction and resentence Appellant on the other counts in the Tobin Inn case. *See Hawkins v. Wetzel*, 14-CV-03057-BMS, 2016 WL 3769368, at *1 (E.D.Pa. July 11, 2016). The court ordered no remand or other action in the Chalmers Street case or the Cab Driver case.

Pursuant to the remand from federal court, the trial court held a hearing on March 23, 2017. Now omitting the Cab Driver case from his arguments, Appellant persisted with his contention that all of the sentences imposed on August 9, 1994, *i.e.*, the sentences in the Tobin Inn case and the Chalmers Street case, needed to be vacated because the negotiated plea agreement was "a package deal." N.T. Sentencing, 3/23/17, at 10. The trial court disagreed, both approving the federal magistrate judge's conclusion that the corrupt organizations charge was not an essential part of the plea agreement and noting that the federal court only granted *habeas* relief in the Tobin Inn case, and remanded only that case to state court. **See** Trial Court Opinion, 11/9/17, at 7-8. As such, the Chalmers Street case was not before it. **Id**. at 2. Accordingly, the trial court vacated Appellant's corrupt organizations conviction and re-entered the concurrent ten-to-twenty-year sentences on the aggravated assault convictions, giving him credit for time served. **See** N.T. Sentencing, 3/23/17, at 40.

Appellant filed neither a post-sentence motion nor an appeal. After a grant of leave to appeal *nunc pro tunc* and a substitution of counsel, Appellant timely filed the instant appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925. After multiple delays, including a remand for a **Grazier**

hearing at which Appellant elected to proceed with counsel,[5] the case is ready for our review.

Appellant presents the following question:

> Did the trial court err when it re-sentenced Appellant . . . in the instant matter, as [this case] was part of a "package deal" along with [the Chalmers Street case] . . . therefore, the trial court should have resentenced [Appellant] on all counts of both of these matters, as this "package deal" was "unbundled" due to the granting of a writ of *habeas corpus* wherein the corrupt organizations count . . . was found to be illegal/unconstitutional, whereupon this matter was remanded for re-sentencing?

Appellant's brief at 2 (unnecessary capitalization omitted).

We begin by observing that, upon entering his guilty pleas, Appellant waived "all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014). Additionally, in this appeal from resentencing following the grant of federal *habeas corpus* relief, Appellant is "permitted to raise issues pertaining only to the re-sentencing procedure itself; his underlying claims of trial error regarding his non-vacated convictions c[an] not be addressed on direct appeal from re-sentencing." *Commonwealth v. McKeever*, 947 A.2d 782, 786 (Pa.Super. 2008). Furthermore, judgments of sentence not

---

[5] *See Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.").

disturbed by the federal *habeas* court remain final and impervious to collateral attack in the courts of this Commonwealth outside of the strictures of the Post Conviction Relief Act. ***See id***. at 786.

Applying the above law to the circumstances of this case, we have no hesitation in concluding that Appellant is entitled to no relief from this Court. He makes no argument, preserved or otherwise,[6] to disturb his aggravated assault convictions or the aggregate sentence of ten to twenty years of imprisonment imposed thereupon in the Tobin Inn case. Instead, Appellant attacks the trial court's refusal to resentence him in the Chalmers Street case, a case over which neither the trial court nor this Court has jurisdiction. Appellant's dissatisfaction with the federal district court's refusal to grant him *habeas corpus* relief in the Chalmers Street case would have been an appropriate subject of an appeal to the Third Circuit. ***See McKeever v. Warden SCI-Graterford***, 486 F.3d 81, 85 (3d Cir. 2007) (reviewing district court's refusal to rescind in its entirety plea agreement involving corrupt organizations charges and other drug crimes). However, this Court cannot address in this direct appeal Appellant's challenges to a long-final judgment of sentence in a case that is not before us.

Judgment of sentence affirmed.

_____

[6] As the Commonwealth notes, Appellant's failure to file a post-sentence motion resulted in waiver of any claims implicating the discretionary aspects of his sentence. ***See*** Commonwealth's brief at 15. Nor did Appellant file a motion to withdraw his guilty plea.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>05/12/2020</u>