COMMONWEALTH of Pennsylvania, Appellee

v.

**Victor McKEEVER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 22, 2008.
Filed April 21, 2008.

Victor McKeever, appellant, pro se.

Andrea F. McKenna, Asst. Dist. Atty., Harrisburg, for the Com., appellee.

BEFORE: PANELLA, DONOHUE, and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Victor McKeever appeals the order entered on July 31, 2007, in the Court of Common Pleas of Erie County that dismissed his petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Upon review, we affirm.

¶ 2 The relevant facts and procedural history of this case are as follows: On June 13, 1995, Appellant pleaded guilty to corrupt organizations, dealing in the proceeds of unlawful activities, criminal conspiracy, and various drug crimes. He was sentenced on July 24, 1995, to an aggregate term of 15 to 42 years of incarceration in a state correctional facility. Appellant appealed his judgment of sentence to this Court, but he discontinued his direct appeal.

¶ 3 Appellant filed a PCRA petition on January 23, 2003, that sought vacation of his judgment of sentence for corrupt organizations based on our Supreme Court's holding in *Commonwealth v. Besch*, 544 Pa. 1, 674 A.2d 655 (1996). The PCRA court dismissed Appellant's PCRA petition on May 6, 2003, as time barred, and, following Appellant's appeal, we affirmed the PCRA court's dismissal on February 20, 2004. Thereafter, Appellant filed a counseled petition for federal *habeas corpus* relief in the United States District Court for the Eastern District of Pennsylvania.

¶ 4 Upon review, the United States District Court granted Appellant's petition for writ of *habeas corpus. See McKeever v. Graterford*, 2005 WL 696893, *4, 2005 U.S. Dist. Lexis 4714, 11–12 (E.D.Pa.). The Court concluded that Appellant was actually innocent of the corrupt organization charges, and that, as a result, Appellant's sentence for those charges was to be vacated by the trial court. *Id.*, 2005 WL 696893, *2, 2005 U.S. Dist. Lexis 4714, 5. However, the Court suspended execution of the writ for 180 days in order to provide the trial court the opportunity to vacate Appellant's corrupt organization sentences and to resentence Appellant, as well as to provide Appellant the opportunity to present to the trial court his remaining claim that his guilty plea was unknowingly ten-

dered. *Id.*, 2005 WL 696893, *4, 2005 U.S. Dist. Lexis 4714, 11–12.

¶ 5 Upon remand to the trial court, Appellant, through counsel, filed motions to quash the original criminal information, a motion to withdraw the guilty plea, and a motion for recusal of the sentencing judge, who also presided over Appellant's trial. The trial court denied these motions, and, on April 26, 2005, vacated Appellant's corrupt organizations sentences. The trial court did not disturb Appellant's sentences for his remaining convictions. Consequently, Appellant's aggregate sentence remained 15–42 years of incarceration.[1] In turn, Appellant filed a notice of appeal to this Court.

¶ 6 On appeal, Appellant asserted that the trial court erred by failing to grant his motion to withdraw guilty plea, his motion to quash information, and his motion for recusal. Upon review, we concluded that Appellant's arguments regarding his motion to withdraw guilty plea and his motion to quash were moot because they related to his sentences for corrupt organizations, which were vacated following the Eastern District Court's grant of federal *habeas corpus* relief. *See Commonwealth v. McKeever*, 880 WDA 2005, at 3, 895 A.2d 649 (Pa.Super.1/27/2006) (unpublished memorandum). Likewise, we concluded that Appellant's recusal motion was without merit because he failed to establish prejudice. *Id.*, 880 WDA 2005, at 4, 895 A.2d 649. Accordingly, we affirmed Appellant's judgment of sentence. Appellant filed a petition for allowance of appeal to our Supreme Court, which the Court denied on September 13, 2006. *See Commonwealth v. McKeever*, 589 Pa. 719, 907 A.2d 1101 (2006).

¶ 7 Appellant filed *pro se* a PCRA petition on May 17, 2007. The PCRA court concluded that Appellant's PCRA petition was timely, and it appointed counsel on his behalf. Thereafter, Appellant filed a motion to proceed *pro se*. Pursuant to *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998), the PCRA court conducted a hearing to determine whether Appellant waived his statutory right to counsel knowingly and intelligently. At the conclusion of the hearing, the PCRA court concluded that Appellant waived his right to counsel knowingly and intelligently, and it permitted him to proceed *pro se*. Prior to the hearing, Appellant filed several *pro se* pleadings, which the PCRA court considered as amendments to his PCRA petition. Following proper notice, the PCRA court dismissed Appellant's PCRA petition on July 31, 2007. The PCRA court authored an opinion in support of its dismissal of Appellant's petition.

¶ 8 Appellant filed a timely notice of appeal to this Court and an accompanying concise statement of errors complained of on appeal. The PCRA court, in turn, authored an opinion that addressed the issues presented in Appellant's concise statement.

■ ¶ 9 We need not reach a recitation of Appellant's issues because it is clear that his present PCRA petition was untimely. Title 42 Pa.C.S.A. § 9545(b)(1) requires that any PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless a petitioner pleads or proves that one of the exceptions to the timeliness requirement enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) is applicable. The timeliness requirement is mandatory and

---

1. Originally, Appellant's corrupt organizations sentences were to be served concurrently to the sentences for his other convictions. Therefore, the deletion of the corrupt organization sentences did not alter the trial court's original sentencing scheme.

jurisdictional; therefore, no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments. *See Commonwealth v. Davis,* 916 A.2d 1206 (Pa.Super.2007).

¶ 10 The PCRA court concluded that Appellant's present petition was timely because he filed it within one year after this Court affirmed his re-imposed judgment of sentence on April 26, 2005. We disagree with the PCRA court's conclusion, and we find that, in reality, Appellant's present PCRA petition was an untimely second petition.

¶ 11 Viewing the matter without reference to the Eastern District Court's grant of *habeas corpus* relief, the record reveals that Appellant's judgment of sentence became final on October 2, 1995, the date Appellant discontinued his direct appeal. *See Commonwealth v. Conway,* 706 A.2d 1243 (Pa.Super.1997) (judgment of sentence final for PCRA purposes when appeal is discontinued voluntarily). As stated above, Appellant's first PCRA petition, filed in 2003, was dismissed as untimely, and we affirmed the PCRA court's dismissal. *See Commonwealth v. McKeever,* 1051 WDA 2003, 3 (Pa.Super. filed 2/20/2004). Inasmuch as Appellant's *first* PCRA was already adjudicated by the PCRA court and this Court, Appellant cannot now claim that the present PCRA was his "first" for timeliness purposes. *See Commonwealth v. Lambert,* 765 A.2d 306, 318 (Pa.Super.2000) (timeliness provisions of PCRA are mandatory and must be interpreted literally). Therefore, Appellant's second PCRA petition, filed nearly 12 years after his judgment of sentence became final, was untimely on its face. *See* 42 Pa.C.S.A. § 9545(b)(1). Likewise, the record demonstrates that Appellant

failed to plead or prove in the present petition any exception to the timeliness requirement such that the untimeliness of the petition could be excused. Consequently, as the present petition was untimely and Appellant failed to plead and prove any exception to the timeliness requirement of the PCRA, the PCRA court lacked jurisdiction to entertain the merits of the petition. *See Commonwealth v. Austin,* 721 A.2d 375, 378 (Pa.Super.1998).

¶ 12 The Eastern District Court's grant of federal *habeas corpus* relief as to Appellant's corrupt organizations convictions does not "reset the clock" for the finality of Appellant's judgment of sentence so as to make the present PCRA petition Appellant's "first" for timeliness purposes. To explicate, as we held in *Commonwealth v. Dehart,* 730 A.2d 991, 994 n. 2 (Pa.Super.1999), a successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only. We reached this conclusion because the purpose of the PCRA is to prevent an unfair conviction. *Id.,* 730 A.2d at 994 n. 2. This conclusion applies with even greater force to the case before us.

¶ 13 Although Appellant successfully challenged his corrupt organizations convictions and sentences successfully in federal court, the remainder of his convictions, each having a distinct sentence, were not disturbed by the Eastern District Court's grant of *habeas corpus* relief or by the trial court when it vacated the corrupt organizations sentences in its resentencing order.[2] Further, while it is correct that

2. We note additionally that the ostensibly

timely issues that Appellant presents to this

Appellant had an absolute constitutional right to appeal his judgment of sentence entered after the Eastern District Court's grant of *habeas corpus* relief, *see* Pa. Const. Art. V, § 9, in that direct appeal, he was permitted to raise issues pertaining only to the re-sentencing procedure itself; his underlying claims of trial error regarding his non-vacated convictions could not be addressed on direct appeal from re-sentencing. *See Commonwealth v. Gaito*, 277 Pa.Super. 404, 419 A.2d 1208, 1211, 1211 n. 4 (1980). Therefore, for purposes of the PCRA, those convictions and their sentences became final on October 2, 1995. *Cf. Dehart*, 730 A.2d at 994 n. 2 (grant of PCRA relief *per se* in first petition does not "reset clock" of finality of judgment of sentence; "clock" is reset only where direct appeal rights are restored or original conviction is disturbed).[3] Our conclusion is wholly supported by the principle that, where a defendant is convicted of multiple charges and sentenced on those charges separately, his appellate challenge to one of the sentences, to the exclusion of the others, does not affect the operation of the other sentences. *See Commonwealth v. DeBooth*, 379 Pa.Super. 522, 550 A.2d 570, 573 n. 2 (1988).

¶ 14 Accordingly, as the non-vacated sentences became final on October 2, 1995, the present PCRA petition, Appellant's second, was patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Dehart*, 730 A.2d at 994 n. 2. As Appellant has not pleaded and proved any exceptions to the

timeliness requirement, the PCRA court lacked jurisdiction to entertain the merits of his claims. *See Commonwealth v. Burton*, 936 A.2d 521, 527 (Pa.Super.2007). Therefore, we affirm, albeit on different grounds, the PCRA court's dismissal of Appellant's petition.[4]

¶ 15 Order affirmed.

---

Court regarding his corrupt organizations convictions are moot because those convictions, and their respective sentences, no longer exist. Accordingly, we will not consider these issues.

3. Indeed, Appellant had attempted to obtain PCRA relief for these convictions and failed, due to the untimely nature of his first PCRA petition.

4. Although our rationale regarding the jurisdictional propriety of Appellant's second PCRA petition differs from the PCRA court, we, as an appellate court, are empowered to "affirm [the PCRA court's] decision on any ground without regard to the ground relied upon by [the PCRA court] itself." *Commonwealth v. Singletary*, 803 A.2d 769, 772–73 (Pa.Super.2002).