J-S85020-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH MICHAEL MCQUADE | : | |
| | : | |
| Appellant | : | No. 787 WDA 2017 |

Appeal from the Order Entered April 25, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000235-2013

BEFORE:  BOWES, J., PANELLA, J., and STABILE, J.

JUDGMENT ORDER BY PANELLA, J.                    FILED APRIL 30, 2018

Joseph Micheal McQuade appeals pro se from the order dismissing his second petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely. This Court ordered McCade to be re-sentenced pursuant to his first PCRA petition, finding that the original sentence's use of mandatory minimums violated Alleyne v. United States, 133 S.Ct. 2151 (2013). See Commonwealth v. McQuade, No. 1413 WDA 2015 (Pa. Super., filed May 24, 2016) (unpublished memorandum).

The trial court subsequently re-sentenced McQuade. The court denied his post-sentence motions asserting the ineffective assistance of trial and PCRA counsel. McQuade did not file a direct appeal, but filed this PCRA petition, again raising the ineffectiveness of trial and PCRA counsel. The PCRA

court dismissed the petition as untimely pursuant to Commonwealth v. McKeever, 947 A.2d 782, 785 (Pa. Super. 2008).

Pursuant to McKeever, "a successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." Id. (citation omitted). Thus, McQuade's claims that trial counsel and PCRA counsel were ineffective do not qualify as timely.[1]

On appeal, McQuade does not assert that he qualified for an exception to the timebar. Rather, he argues he was not permitted to present evidence of an e-mail and a recorded jailhouse phone call. These arguments cannot provide McQuade any relief, as he has failed to establish jurisdiction under the PCRA. We therefore affirm the court's order dismissing McQuade's petition as untimely.

Order affirmed.

_____

[1] For a court to entertain any PCRA petition, the petition must be filed no later than one year after petitioner's judgment of sentence becomes final, unless he establishes one of the enumerated exceptions to the timebar. See Commonwealth v. Jones, 54 A.3d 14, 16 (Pa. 2012); 42 Pa.C.S.A. § 9545(b)(1)(i-iii). McQuade's judgment of sentence became final on November 19, 2014, thirty days after this Court affirmed his judgment of sentence. 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). This petition, filed on March 20, 2017, is therefore facially untimely unless he can establish an enumerated exception.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2018