J-S42041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC ROGERS | : | |
| | : | |
| Appellant | : | No. 1806 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 29, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0509222-1991

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:           **FILED DECEMBER 8, 2020**

Eric Rogers ("Rogers") appeals from the judgment of sentence entered following his resentencing for his guilty plea to one count each of possession with intent to deliver a controlled substance ("PWID") and criminal conspiracy.[1]  We affirm.

The trial court summarized the history underlying the instant appeal as follows:

> On October 28, 1991, [Rogers] pled guilty… to one count of [PWID,] one count of criminal conspiracy, and one count of a violation of the Pennsylvania Corrupt Organizations Act [("PCOA"), *see* 18 Pa.C.S.A. § 911].  On December 3, 1991, [the trial court] sentenced [Rogers] to 1-2 years [of] incarceration for the PWID charge, 5-10 years [of] incarceration for the criminal conspiracy charge, and 10-20 years [of] incarceration for the [PCOA] charge,

---

[1] **See** 18 Pa.C.S.A. §§ 780-113(a)(30), 903.

each to be conserved concurrently. [Rogers] did not pursue a direct appeal after this initial sentencing.

Trial Court Opinion, 11/21/19, at 1-2.

Rogers subsequently filed two Petitions for relief pursuant to the Post Conviction Relief Act ("PCRA"),[2] both of which were denied. The trial court summarized what next transpired as follows:

> Rogers filed a third[,] *pro se*[,] PCRA Petition on May 13, 2016. After the filing of this third PCRA Petition, Rogers filed a Petition for a Writ of *Habeas Corpus* in the United States District Court for the Eastern District of Pennsylvania. On April 13, 2017, the Honorable Mitchell Goldberg [("Judge Goldberg"),] of the United States District Court for the Eastern District of Pennsylvania [("the Federal Court"),] granted [Rogers's] *Habeas Corpus* Petition, ordering that the Commonwealth vacate [Rogers's] conviction for the [PCOA] charge and provide [Rogers] with a new sentencing hearing for the PWID and criminal conspiracy charges stemming from [Rogers's] October 1991 guilty plea. Judge Goldberg granted [Rogers's] *Habeas Corpus* Petition in finding that the [PCOA] charge was unconstitutionally applied to [Rogers,] as [Rogers] was engaged in a criminal enterprise, rather than a legitimate business, since criminal enterprises were not captured by the [PCOA] statute at the time [Rogers] committed the act. On May 17, 2017, Judge Goldberg issued a subsequent Order that extended the time the Commonwealth was to sentence [Rogers] [to] within 120 days from May 17, 2017.

> … On August 9, 2017, 84 [d]ays from the [Federal Court's] Order extending the time for sentencing, [the trial court] vacated [Rogers's PCOA] charge and sentenced [Rogers] on both the PWID and criminal conspiracy charges pursuant to the Order of Judge Goldberg. On the PWID charge, [Rogers] was sentenced by [the trial court] to 1-2 years [of] incarceration, and on the criminal conspiracy charge, [Rogers] was sentenced to 5-10 years [of] incarceration, both to run concurrently.

---

[2] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

*Id.* at 3-4.

On direct appeal following resentencing, this Court vacated Rogers's judgment of sentence and remanded for a more thorough sentencing hearing, at the request of the trial court. *See Commonwealth v. Rogers*, 2880 EDA 2017 (Pa. Super. filed July 19, 2018) (order).

Following the resentencing hearing, on October 9, 2018, the trial court sentenced Rogers to a prison term of 1-2 years for his conviction of PWID, and a concurrent prison term of 1-2 years for his conviction of conspiracy. This sentence was to run concurrent with any other sentence that Rogers was then serving. On direct appeal, this Court again granted a request by the trial court to vacate the sentence and remand for resentencing. *See Commonwealth v. Rogers*, 3139 EDA 2018 (Pa. Super. filed February 12, 2018) (order).[3]

On May 29, 2019, the trial court sentenced Rogers once again. For his conviction of PWID, the trial court sentenced Rogers to a prison term of 1-2 years. For his conviction of conspiracy, the trial court imposed a concurrent prison term of 1-2years. The trial court ordered that the sentences be served concurrent with any sentence that Rogers was then serving. Thereafter,

---

[3] In its Opinion, the trial court requested a remand "for a more thorough resentencing hearing, as to the crimes to be resentenced and the basis of the resentencing." Trial Court Opinion, 12/17/18, at 1.

Rogers filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Rogers now presents the following claim for our review: "Whether the [sentencing] court erred in not reviewing the merits of [Rogers's] no factual basis argument for his guilty plea?" Brief for Appellant at 8.

Rogers claims that the trial court erred in resentencing him, "as there was no factual basis for his guilty plea." *Id.* at 15. Rogers asserts that other courts have "gone outside the federal court's remand for resentencing orders and reviewed claims of actual innocence." *Id.* Rogers directs our attention to the comments to Pa.R.Crim.P. 319(a)(2), which set forth questions that a judge should ask in determining whether a guilty plea is knowing and voluntary. Brief for Appellant at 15. According to Rogers, when the Federal Court vacated his conviction of PCOA, there was no sufficient factual basis underlying his remaining convictions. *Id.*

Rogers further argues that the Commonwealth misled the trial court at the original plea hearing. *Id.* According to Rogers, "[t]he Commonwealth contended that [Rogers] was in possession of drugs[,] and that he conspired to do so[,] when there was no substantive evidence to support such a contention." *Id.* at 16. Rogers points out that at the original plea hearing, the evidence established that he possessed no drugs, and that there was never a record of "any money in the first place." *Id.* at 17. Rogers states that he

was taken to jail for traffic tickets[,] which does not support the PWID charge rendered." *Id.*

Regarding his charge of criminal conspiracy, Rogers claims that once the PCOA charge was vacated, "there was no one [that Rogers] could have conspired with." *Id.* at 16. Rogers argues that the vacated PCOA charge was "inherently intertwined" with his conviction of conspiracy and PWID. *Id.* Without the PCOA charge, Rogers asserts, there was no co-conspirator in the immediate case. *Id.*

Rogers challenges his guilty plea as without factual support. However, this appeal is from **resentencing** following a remand from the Federal Court. In addressing Rogers's claim, we are guided by this Court's reasoning in *Commonwealth v. McKeever*, 947 A.2d 782 (Pa. 2008). In *McKeever*, as in this case, the federal court remanded to the trial court, which vacated the defendant's corrupt organization sentences, but did not disturb the defendant's remaining sentences. *Id.* at 784. This Court affirmed the defendant's new judgment of sentence, after which our Supreme Court denied allowance of appeal. *Id.*

Within one year the defendant filed a PCRA petition challenging his guilty plea as to his remaining convictions. *Id.* The PCRA court found the petition was timely filed within one year of the date the defendant's resentence was affirmed, but, nevertheless, denied relief on the merits. *Id.* at 784-85. On appeal, this Court determined the petition was untimely filed. *Id.* at 786.

This Court stated that the federal court's "grant of federal *habeas corpus* relief as to [the defendant's] corrupt organizations convictions [did] not 'reset the clock' for the finality of [the defendant's] judgment of sentence[,] so as to make the PCRA petition [the defendant's] 'first' for timeliness purposes." ***Id.*** at 785. This Court, relying on ***Commonwealth v. Dehart***, 730 A.2d 991, 994 n.2 (Pa. Super. 1999), explained that a successful PCRA petition does not result in a new final judgment date "where the relief granted … neither restored a petitioner's direct appeal rights nor disturbed his conviction, but rather affected his sentence only." ***McKeever***, 947 A.2d at 785.

> Although [the defendant] successfully challenged his corrupt organizations convictions and sentences successfully in federal court, the remainder of his convictions, each having a distinct sentence, were not disturbed by the [the federal court's] grant of *habeas corpus* relief[,] or by the trial court when it vacated the corrupt organizations sentences in its resentencing order. Further, while it is correct that [the defendant] had an absolute constitutional right to appeal his judgment of sentence entered after the [the federal court's] grant of *habeas corpus* relief, **in that direct appeal, he was permitted to raise issues pertaining only to the re-sentencing procedure itself**; his underlying claims of trial error regarding his non-vacated convictions could not be addressed on direct appeal from re-sentencing. Therefore, for purposes of the PCRA, those convictions and their sentences became final on October 2, 1995. Our conclusion is wholly supported by the principle that, where a defendant is convicted of multiple charges and sentenced on those charges separately, his appellate challenge to one of the sentences, to the exclusion of the others, does not affect the operation of the other sentences.

***Id.*** at 785-86 (footnotes and citations omitted).

Our review discloses that the Federal Court neither restored Rogers's direct appeal rights, nor disturbed his remaining convictions. Consequently, in this appeal, Rogers is permitted to raise issues pertaining only to the re-sentencing procedure itself. *See id.* at 785. Because Rogers's claim fails to do so, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/08/2020