J-S43018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CALEB KENION RAMEY | |
| Appellant | No. 1597 WDA 2019 |

Appeal from the PCRA Order Entered October 30, 2019
In the Court of Common Pleas of Washington County
Criminal Division at No: CP-63-CR-0002491-2011

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 02, 2021**

Appellant, Caleb Kenion Ramey, appeals from the October 30, 2019 order denying in part and granting in part Appellant's petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm in part and vacate in part.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> On August 23, 2011, [the Victim], then seven years old […] underwent a forensic interview at Mercy Hospital during which she disclosed that she had been sexually assaulted by [Appellant], who she identified by his nickname, 'Tio.'  On September 21, 2011, the Victim was again interviewed by the West Brownsville Police Department, during which she detailed the nature of the sexual assaults and abuse committed by [Appellant].  The Victim further stated that [Appellant] threatened to beat her with a belt if she wet the bed or disobeyed his commands such as not referring to him as 'Tio.'

> The Victim stated that [Appellant] would remove her from her bed, carry her to the bathroom, and forcibly restrain her mouth, hands, and feet with duct tape while she was bend across the closed toilet seat. Once restrained, [Appellant] would forcibly penetrate the Victim's vagina and anus with his index finger as well as his penis. The Victim indicated during the interviews that this happened almost every time she spent the night at [Appellant's] home. The Victim further relayed that [Appellant] threated to beat her naked body with a belt if she attempted to scream out for help during the assaults.

Trial Court Opinion, 3/26/20, at 1-2.

At the conclusion of a May 2012 trial, the jury found Appellant guilty of rape of a child and all other charges. On November 5, 2012, the trial court imposed an aggregate 34 to 68 years of incarceration. On November 7, 2014, this Court affirmed the judgment of sentence. The Pennsylvania Supreme Court denied allowance of appeal on April 2, 2015. Appellant filed a timely first PCRA[1] petition on January 19, 2016, and appointed counsel filed an amended petition on December 7, 2017. In the petition, Appellant requested a new trial, alleging that trial counsel was ineffective for failing to call character witnesses. The PCRA court conducted evidentiary hearings on April 5, 2019, and July 12, 2019. On August 2, 2019, the PCRA court entered an order expressing its intent to resentence Appellant because his original sentence included mandatory minimums that had been declared unconstitutional under *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016). The August 2, 2019

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. § 9541-9545.

order also gave notice of the PCRA court's intent to dismiss Appellant's claim that trial counsel was ineffective for failing to call character witnesses.

Subsequently, the trial court filed several transport orders, the last of which directed that Appellant be brought to court for a resentencing hearing to be held on October 7, 2019. The trial court then entered the order on appeal, written on October 7, 2019 but not docketed until October 30, 2019.[2] There is no evidence, however, that a hearing preceded the order. The docket does not reflect that a hearing occurred, and the record contains no transcript. In the October 30, 2019 order, the trial court imposed a sentence of 27 to 54 years of incarceration for rape of a child (18 Pa.C.S.A. § 3121) and numerous related offenses. In the final sentence of the order the trial court wrote: "This order resolves all matters related to [Appellant's] judgment of sentence raised in his PCRA petition and any matters raised unrelated to the judgment of sentence are hereby dismissed." Judgment of Sentence, 10/30/19, at 4 (pagination ours). This timely appeal followed.

Appellant raises two issues:

> 1. Whether trial counsel was ineffective for not offering character witnesses at Appellant's request during the jury trial?

> 2. Whether Appellant was subject to an illegal sentence?

---

[2] Appellant filed his notice of appeal on October 23, 2019. In the notice of appeal, he notified the trial court that the October 7, 2019 order had not yet been docketed. We will treat Appellant's premature notice of appeal as a timely appeal from the October 30, 2019 order pursuant to Pa.R.A.P. 905(a)(5).

- 3 -

Appellant's Brief at 6.

As we explained above, the order on appeal represents the final disposition of Appellant's PCRA petition, granting in part and denying in part the relief Appellant requested. In his first assertion of error, Appellant claims the PCRA court erred in denying his request for a new trial based on trial counsel's ineffectiveness.

On review from an order denying PCRA relief, the PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). In order prevail on a claim of ineffective assistance of counsel, a petitioner must plead and prove that the underling claim is of arguable merit; that counsel had no reasonable strategic basis for the disputed action or inaction; and that there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's error. **Commonwealth v. Spotz**, 84 A.2d 294, 311-12 (Pa. 2014).

The Pennsylvania Rules of Evidence permit a criminal defendant to introduce evidence of a pertinent trait, and the Commonwealth to rebut that evidence if the defendant introduces it. Pa.R.E. 404(a)(2)(A).

> The failure to call character witnesses does not constitute *per se* ineffectiveness. In establishing whether defense counsel was ineffective for failing to call witnesses, appellant must prove:
>
> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of

the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Treiber***, 121 A.3d 435, 463–64 (Pa. 2015) (citations omitted). Appellant's brief ignores this five-prong test. It contains no discussion or record cites regarding the existence, availability, and willingness of any particular witness to testify on his behalf. Appellant baldy asserts that counsel was aware of various witnesses, and that their absence was prejudicial. Appellant's Brief at 9. In essence, Appellant argues for *per se* ineffectiveness, in direct contradiction of existing precedent.

Furthermore, as the PCRA court noted, evidence of the defendant's character in a rape case is "limited to presentation of testimony concerning his general reputation in the community with regard to such traits as non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order." ***Commonwealth v. Luther***, 463 A.2d 1073, 1078 (Pa. Super. 1983). The PCRA court found that Appellant failed to establish at the PCRA hearings that the testimony of any proposed witness would have met the ***Luther*** criteria. PCRA Court Opinion, 3/26/20, at 13. Appellant does not challenge that finding on appeal. For all of the foregoing reasons, we discern no error in the PCRA court's rejection of Appellant's ineffective assistance of counsel claim.

Next, Appellant challenges the legality of his sentence. We are puzzled by this argument inasmuch as the only case Appellant cites in support is ***Alleyne***, and he successfully obtained relief on that issue. We also are

puzzled by the caption of Appellant's brief, which describes this appeal as one from the May 9, 2013 judgment sentence, rather than the October 30, 2019 order presently before us.

Nonetheless, we *sua sponte* vacate the judgment of sentence set forth in the October 30, 2019 order because the lower court violated Appellant's right to counsel in imposing it. This Court may raise the denial of right to counsel *sua sponte* and order appropriate relief, including vacating a judgment of sentence. **Commonwealth v. Murphy**, 214 A.3d 675, 678-80 (Pa. Super. 2019). Rule 704(C) of the Pennsylvania Rules of Criminal Procedure requires a sentencing proceeding at which the defendant and counsel are present. Pa.R.Crim.P. 704(C). Moreover, a criminal defendant has a right to counsel at all critical stages of a criminal proceeding, and sentencing is a critical stage. **Commonwealth v. Johnson**, 158 A.2d 117, 122 (Pa. Super. 2017). As described above, the record before us contains only the October 30, 2019 order. There is no evidence that a hearing took place. We therefore vacate the October 30, 2019 order insofar as it purports to impose a new sentence.

Furthermore, the order on appeal created an impermissible mix of collateral and direct appellate claims, *i.e.* a partial denial of PCRA relief and a new judgment of sentence.[3] Ordinarily, where the PCRA court enters an order

---

[3] Litigation of direct and collateral claims in the same appeal is permissible only in exceptional circumstances. **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013).

granting partial relief, the petitioner will proceed with an appeal of the final PCRA order insofar as it denied relief. In **Commonwealth v. Ligons**, 971 A.2d 1125, 1136 (Pa. 2009), for example, the petitioner appealed from the PCRA court's order denying him a new trial but granting a new penalty hearing. In other words, the petitioner in **Ligons** proceeded with an appeal of the denial of collateral relief before the trial court conducted a new penalty phase. Indeed, success on the former would have obviated the need for the latter. A new penalty hearing would have been pointless if the petitioner obtained a new trial. The instant case should have followed the same course. The PCRA court should have entered a final PCRA order granting in part and denying in part Appellant's requested relief without imposing a new sentence. This would have allowed Appellant to proceed with his appeal from the denial of his request for a new trial based on ineffective assistance of counsel, which, if successful, would have obviated the need for a new sentencing proceeding.[4]

Based on the foregoing, we affirm the October 30, 2019 order insofar as it denies relief on Appellant's ineffective assistance of counsel claim. We also affirm the order insofar as it establishes that Appellant is entitled to a

_____

[4] We further note that the relief available to a petitioner after resentencing upon conclusion of a successful first PCRA petition is limited to the validity of the resentencing. **Commonwealth v. McKeever**, 947 A.2d 782, 785-86 (Pa. Super. 2008). For this additional reason, the merits of all issues the petitioner raises in the first petition should be litigated to finality before imposition of a new sentence.

new sentence under **Alleyne**. We vacate the order insofar as it purports to impose a new sentence.

Order affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/02/2021