J-S16025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAAD MASOOD | : | |
| | : | |
| Appellant | : | No. 268 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 19, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at MC-51-MD-0000174-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAAD MASOOD | : | |
| | : | |
| Appellant | : | No. 1276 EDA 2022 |

Appeal from the Judgment of Sentence Entered May 4, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at MC-51-MD-0000175-2019

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.: **FILED MAY 12, 2023**

For the second time, Saad Masood (Appellant) appeals from the judgments of sentence imposed after the trial court found him guilty of two counts of contempt.[1]

---

[1] 42 Pa.C.S.A. § 4132(3) ("misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.").

The trial court explained:

> On August 20, 2019, Appellant Saad Masood was found guilty of two counts of direct criminal contempt for screaming obscenities at the prosecutor in the hall during a recess in his criminal trial, and for making obscene gestures to the prosecutor in the courtroom during another recess in the trial.[2]  He was sentenced to a flat thirty days of incarceration on the conviction involving the screamed obscenities (MC-51-MD-000174-2019), and no further penalty was  imposed on the conviction involving the obscene gesture (MC-51-MD-000175-2019).

Trial Court Opinion, 4/28/22, at 1 (footnote added).

Appellant appealed.  He argued the trial court violated his right to due process by compelling him to incriminate himself during the contempt trial, and claimed the trial court imposed an illegal sentence.  On May 28, 2021, this Court affirmed Appellant's convictions, but vacated the judgments of sentence and remanded for resentencing because "the trial court imposed a thirty-day aggregate prison sentence for two counts of direct criminal

---

[2] The Commonwealth explained:

> During a break in [Appellant's] jury trial … the prosecutor was walking down the hallway to another courtroom, and [Appellant], who was also in the hallway, screamed at her for the duration of this walk.  [Appellant] called her "a fucking bitch, a fucking whore" and told her to "go fuck yourself."  Numerous other people in the hallway stopped the prosecutor and asked her what was going on.  During another recess in the jury trial, the court saw [Appellant] make a gesture toward the side of the room where the prosecutor was sitting.  The court was later informed by court staff that the gesture [Appellant] was making was a "double middle finger gesture."

Commonwealth Brief at 2 (citations to notes of testimony omitted).

contempt, but failed to provide a minimum term of incarceration." *Commonwealth v. Masood*, 255 A.3d 1284 (Pa. Super. 2021) (unpublished memorandum at *4). We directed the trial court to impose new sentences that included minimum and maximum terms. *Id.* Appellant unsuccessfully petitioned for allowance of appeal. *Commonwealth v. Masood* 269 A.3d 1229 (Pa. 2021).

On January 19, 2022, the trial court resentenced Appellant to 15 - 30 days for the contempt conviction at MC-51-MD-000174-2019, with credit for time served. "No action was taken on MC-51-MD-000175-2019." Trial Court Opinion, 4/28/22, at 1. Appellant filed timely notices of appeal at both dockets.

> On February 22, 2022, the court entered an order directing Appellant to file a statement pursuant to Pa.R.A.P. 1925(b) within 21 days thereof.
>
> Counsel for Appellant attempted to file the Rule 1925(b) statement on March 21, 2022, and served a copy on the court. However, due to issues with the e-filing system, the filing was not placed on the docket. After several requests from the court, the statement was finally filed on April 19, 2022.
>
> On March 4, 2022, the Superior Court quashed the appeal at MC-51-MD-000175-2019 (269 EDA 2022), without prejudice, concluding that since this court did not resentence Appellant on that conviction - for which he originally received no further penalty - there was no judgment of sentence from which to appeal. The Superior Court directed the trial court to resentence Appellant within 30 days of the date of that order. The order was not docketed in the Court of Common Pleas until April 18, 2022.

*Id.* at 2.

On May 4, 2022, the trial court imposed a sentence of "no further penalty" at MC-51-MD-000175-2019. By correspondence to this Court dated May 31, 2022, the trial court stated it had "reimpose[ed] a sentence of no further penalty, on remand of this and companion case MC-51-MD-174-2019 for resentencing." Trial Court Letter, 5/31/22. The trial court further "advised that the court adopts the April 28, 2022 opinion." *Id.* On June 2, 2022, this Court granted Appellant's application to consolidate the appeals.

Appellant presents one question for review:

> Was trial counsel ineffective for failing to protect [Appellant's] rights where the contempt proceedings violated due process?

Appellant's Brief at 6.

Appellant argues his trial counsel "should have objected, requested a judgment of acquittal, and filed a post-sentence motion after the judge sentenced [Appellant] for the second count of criminal contempt." *Id.* at 10. Appellant claims "there was no admissible evidence" that he "made an inappropriate hand gesture in the prosecutor's direction." *Id.* Appellant also claims trial counsel "should have objected and moved for a mistrial after the judge improperly questioned [Appellant], twice violating [Appellant's] right not to incriminate himself. Lastly, counsel should have objected and requested a mistrial after [Appellant] was not arraigned and given notice about the charges." *Id.*

The Commonwealth argues that Appellant's ineffectiveness issue is "waived because he did not preserve it before the lower court, unreviewable

because ineffective assistance claims are barred on direct appeal, and meritless because [Appellant] cannot establish prejudice." Commonwealth Brief at 1. We agree.

As this Court affirmed Appellant's convictions in his prior appeal, he may only raise issues regarding his resentencing. *Commonwealth v. McKeever*, 947 A.2d 782, 786 (Pa. Super. 2008) (stating that the appellant's "underlying claims of trial error regarding his non-vacated convictions could not be addressed on direct appeal from re-sentencing").

In addition, issues not raised in the lower court cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Specifically, issues raised for the first time in a Pa.R.A.P. 1925(b) statement are waived. *See*, *e.g.*, *Commonwealth v. Chittester*, 256 A.3d 43 (Pa. Super. 2021) (citations omitted), *appeal granted*, *order vacated on other grounds*, 284 A.3d 450 (Pa. 2022); *cf. Commonwealth v. Bradley*, 261 A.3d 381, 405 (Pa. 2021) (holding PCRA petitioner may raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal). Here, Appellant did not raise trial counsel's ineffectiveness until he filed his Rule 1925(b) statement in this second appeal.

We also recognize that in general, ineffectiveness claims are deferred to collateral review. *See Commonwealth v. Delgros*, 183 A.3d 352, 360 (Pa. 2018) (recognizing two exceptions to the general rule in 1) "extraordinary circumstances where a discrete claim of trial counsel ineffectiveness is

apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice"; and 2) "on post-sentence motions and direct appeal if there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence."). Neither exception applies to Appellant's claim of trial counsel's ineffectiveness.

As the trial court observed:

[Appellant's] first mention of these allegations of ineffectiveness came in the Rule 1925(b) statement.

Here, there were no post-sentence motions or other efforts to raise claims of ineffectiveness or make a record as to the claims, the claims of ineffectiveness of trial counsel are not apparent from the record nor readily identifiable as meritorious, nor has there been an offer of a waiver of PCRA relief. Simply put, there is no record upon which we could decide Appellant's newly raised claims of ineffectiveness.

The court is, of course, aware that the failure to review the ineffectiveness claims at this stage will leave Appellant without a means to have those claims reviewed, since he has completed his sentence (NT, 1/19/22, 5), and therefore is ineligible for PCRA relief. 42 Pa.C.S. § 9543(a)(1)(i). However, the original sentence was imposed nearly three years ago. At no time while that sentence was on appeal, prior to sentencing on remand, or by post-sentence motions after resentencing, did Appellant raise the ineffectiveness claims, even though nothing was preventing him from doing so. It also bears noting that Appellant was for this entire time represented by counsel other than he whose ineffectiveness Appellant now belatedly raises.

Accordingly, to the extent Appellant is left without a remedy, it is due to his failure to raise his claims in a timely fashion.

Trial Court Opinion, 4/28/22, at 2-4.

- 6 -

For the above reasons, we are precluded from further reviewing Appellant's challenge to the effectiveness of trial counsel.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2023