J-S42044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE L. RIDLEY | : | |
| | : | |
| Appellant | : | No. 775 EDA 2023 |

Appeal from the PCRA Order Entered March 1, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0005285-2018

BEFORE:  BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 21, 2024**

Appellant, Terrance L. Ridley, appeals from the March 1, 2023 order entered in the Bucks County Court of Common Pleas granting in part and denying in part his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On September 5, 2019, following a waiver trial, the trial court convicted Appellant of Involuntary Manslaughter, Drug Delivery Resulting in Death ("DDRD"), Criminal Use of a Communication Facility ("CUCF"), Possession with Intent to Deliver ("PWID"), and Conspiracy in connection with the March 22, 2018 drug overdose death of Amanda Risko.  On October 11, 2019, the trial court sentenced Appellant to a term of 72 months to 12 years of incarceration for the DDRD conviction and imposed no further penalty for the other convictions. Appellant did not file a post-sentence motion.

Appellant filed a direct appeal challenging the sufficiency of the evidence, the denial of his Pa.R.Crim.P. 600 motion, the denial of his motion to dismiss the CUCF and PWID charges based on lack of jurisdiction, and the admission of subsequent bad acts evidence. This Court remanded the matter for the trial court to make additional findings of fact and conclusions of law regarding Appellant's claim that the Commonwealth violated Rule 600.[1] **See Commonwealth v. Ridley**, 242 A.3d 404 (Pa. Super. 2020) (unpublished memorandum) ("**Ridley I**").

Following remand, this Court affirmed the denial of Appellant's Rule 600 motion and vacated Appellant's PWID conviction on jurisdictional grounds.[2, 3] **Commonwealth v. Ridley**, No. 3244 EDA 2019 (unpublished memorandum) (Pa. Super. filed Apr. 12, 2021) ("**Ridley II**"), *appeal denied*, 263 A.3d 1136 (Pa. 2021).

_____

[1] This Court also affirmed the evidentiary ruling, and the sufficiency evidence claims, and deferred ruling on the jurisdictional challenge.

[2] This Court found that because "no element of the PWID offense in this case occurred in Pennsylvania, the trial court lacked jurisdiction over this charge and erred in failing to dismiss the PWID charge." **Ridley II**, No. 3244 EDA 2019, unpublished memorandum at 6.

[3] With that appeal, Appellant filed an application for reargument in which he requested that we vacate his conviction and sentence for DDRD based on the decision in **Commonwealth v. Peck**, 242 A.3d 1274 (Pa. 2020), which our Supreme Court decided while Appellant's case was on remand to the trial court. We denied Appellant's application for reargument because "the issue on which Appellant seeks reargument is a sufficiency of the evidence issue that he did not raise in his brief in this appeal, [thus,] it is not a ground on which reargument may be granted." **Ridley II**, No. 3244 EDA 2019, at 8.

On December 20, 2021, Appellant *pro se* filed a PCRA petition raising claims of ineffective assistance of counsel and asserting that his convictions resulted from constitutional violations. On January 21, 2022, the PCRA court appointed counsel who subsequently filed an amended PCRA petition. Following a hearing and several filings by Appellant and the Commonwealth, the PCRA court granted in part and denied in part Appellant's petition. In particular, the PCRA court denied the requests for relief related to Appellant's Conspiracy, CUCF, and Involuntary Manslaughter convictions on the grounds that Appellant was ineligible for relief under the PCRA because he was not serving a sentence of imprisonment, probation, or parole for those convictions. **See** 42 Pa.C.S. § 9543(a)(1)(i) ("To be eligible for relief under [the PCRA], the petitioner must plead and prove . . . [t]hat the petitioner has been convicted of a crime . . . and is at the time relief is granted[] currently serving a sentence of imprisonment, probation or parole for the crime.").

Applying the holding in **Commonwealth v. Peck**, 242 A.3d 1274 (Pa. 2020), the PCRA court granted Appellant relief with respect to his claim arising from his DDRD conviction. The PCRA court found that because the Commonwealth's evidence indicated that the sale and delivery of the drugs that caused Ms. Risko's death took place in New Jersey, it failed to meet its burden to prove that the delivery of the drugs took place in Pennsylvania as required by **Peck**. The PCRA court further found that Appellant had not waived his sufficiency of the evidence challenge to this conviction because he only learned of the decision in **Peck** on December 22, 2020, when the Supreme

- 3 -

Court issued its decision. The PCRA court, thus, concluded that the instant PCRA petition was Appellant's "first opportunity to raise a supportable sufficiency of the evidence claim regarding DDRD wherein he alleged a constitutional violation as to the fact that the drug delivery took place outside of the Commonwealth." PCRA Ct. Op., 5/23/23, at 5. Accordingly, on March 1, 2023, the court issued an order vacating Appellant's DDRD conviction and scheduling a new sentencing hearing on Appellant's remaining convictions.[4]

On March 23, 2023, Appellant filed a timely appeal from the PCRA court's order scheduling a new sentencing hearing.

Appellant raises the following issues on appeal:

Should a PCRA petitioner, convicted of several crimes but sentenced on only one of them, be allowed to challenge, in his first PCRA petition, original counsel's effectiveness in all of his convictions when success on the only conviction he is serving a sentence for is vacated, and he remains incarcerated facing resentencing on the remaining charges, when current law does not allow him to file a second PCRA petition challenging original counsel's effectiveness?

Appellant's Brief at 3.

**A.**

On appeal from a PCRA court's decision, our scope of review is "limited to the findings of the PCRA court and the evidence of record[.]" **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020). The PCRA court's credibility determinations are binding on this Court when supported by the record, but we review its legal conclusions de novo. **Id.**

---

[4] The remaining convictions were Conspiracy, CUCF, and Involuntary Manslaughter.

**B.**

Appellant asserts on appeal that the PCRA court should have addressed his ineffective assistance of counsel claims pertaining to his Conspiracy, CUCF, and Involuntary Manslaughter convictions notwithstanding that, at the time he filed his PCRA petition, he was not serving sentences arising from those convictions. *Id.* at 12-27. He claims that the PCRA court's ruling has precluded him from ever raising these collateral claims because his sentencing on those convictions will not "reset the clock" for filing a timely PCRA petition; thus, he asserts that his "right to pursue his PCRA claims against his remaining convictions once he is sentenced for them is 'uncertain.'" *Id.* at 14. He asks this Court to vacate the PCRA court's order scheduling a new sentencing and remand for the PCRA court to adjudicate his ineffective assistance of counsel claims.

Relevant to the instant appeal, Section 9543(a) of the PCRA provides, that to be eligible for relief under the PCRA a defendant must be "currently serving a sentence of imprisonment, probation or parole" for the crime of which the defendant was convicted and the allegation of error the defendant seeks to raise "has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(1)(i), (3).

Subject to some enumerated exceptions, generally, a defendant must file "[a]ny petition . . . including a second or subsequent petition . . . within one year of the date the judgment [of sentence] becomes final." *Id.* at 9545(b)(1). However, a successful PCRA petition "reset[s] the clock" for the

calculation of finality of a defendant's judgment of sentence for purposes of the PCRA if the relief granted disturbs the defendant's convictions. ***Commonwealth v. McKeever***, 947 A.2d 782, 785-86 (Pa. Super. 2008).

Instantly, we conclude that the PCRA court's order granting relief based on **Peck** "disturbed" Appellant's convictions. Thus, pursuant to ***McKeever***, the relief granted by the PCRA court "reset the clock" for the calculation of the finality of Appellant's judgments of sentence arising from his Conspiracy, CUCF, and Involuntary Manslaughter convictions for purposes of the PCRA. Accordingly, Appellant's concern that the challenges he seeks to raise following resentencing regarding the ineffectiveness of his trial counsel with respect to those convictions will be untimely are unfounded. We, therefore, decline to vacate the PCRA court's order granting in part and denying in part Appellant's PCRA petition and ordering a new sentencing hearing on Appellant's Conspiracy, CUCF, and Involuntary Manslaughter convictions.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>2/21/2024</u>