J-S08022-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| OSCAR LUGO | : | |
| Appellant | : | No. 338 EDA 2025 |

Appeal from the PCRA Order Entered January 7, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002037-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| OSCAR LUGO | : | |
| Appellant | : | No. 1597 EDA 2025 |

Appeal from the PCRA Order Entered January 7, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003873-2004

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 23, 2026**

Oscar Lugo appeals from the order dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the pertinent facts and procedural history as follows:

[Lugo] was the lead of a cocaine drug operation that bought and sold 20 to 30 kilos of cocaine twice per month for at least 18 months. The operation had several levels of dealers in a typical pyramid pattern with Lugo at the top. After a jury convicted him of [93 drug and related charges], the trial court sentenced Lugo to 152 to 440 years of incarceration on August 30, 2007. Lugo did not file any post-sentence motions, but filed a direct appeal. On March 16, 2009, this Court affirmed Lugo's judgment of sentence, holding that there was sufficient evidence to support all 93 of Lugo's [drug convictions]. *Commonwealth v. Lugo*, 972 A.2d 553 (Pa. Super. 2009) (unpublished memorandum). Our Supreme Court denied Lugo's petition for allowance of appeal on December 16, 2009.

Lugo filed a timely PCRA petition on March 16, 2011, seeking to reinstate his right to file a post-sentence motion *nunc pro tunc*. The PCRA court granted relief on July 2, 2012, following an evidentiary hearing. In the timely post-sentence motion that followed, Lugo argued that the consecutive nature of the sentences imposed [was] excessive for the crimes the jury convicted him of. The trial court denied the motion on October 17, 2012.

Lugo filed a timely notice of appeal on November 15, 2012. On August 9, 2013, this Court affirmed "in light of the ample amount of criminal conduct at issue." *Commonwealth v. Lugo*, 83 A.3d 1062 (Pa. Super. 2013) (unpublished memorandum).

Lugo filed a PCRA petition for collateral relief on March 30, 2015 asserting that the basis for relief arose from the after-discovered evidence which alleged Lugo's brother, [Luis] Colon, signed an affidavit admitting to perjury and that his perjured testimony was motivated by police [misconduct].

The PCRA court held an evidentiary hearing, and granted Lugo partial relief, finding that pursuant to the decision in *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), resentencing was proper. [Lugo's claim of newly-discovered recantation evidence was denied as not credible]. Lugo appealed, and the PCRA court continued resentencing pending the outcome of the appeal.

Lugo argued that the PCRA should have granted him a new trial after Colon recanted his original testimony. He also argued that he received ineffective assistance of counsel when his trial counsel failed to file a motion for [a] bill of particulars demanding

that the prosecution provide dates and locations of the drug deliveries. Lugo argued the lack of specificity yielded multiple sentences violating the Double Jeopardy Clause.

On February 1, 2017, this Court affirmed, finding that the PCRA court's determination on the recantation testimony had ample support in the record, and that the ineffectiveness of counsel claim was waived because Lugo failed to raise [it] before the PCRA court. *Commonwealth v. Lugo*, 161 A.3d 366 (Pa. Super. 2017) (unpublished memorandum).

The trial court held a hearing for resentencing Lugo on July 25, 2017. At the hearing's conclusion, the trial court sentenced Lugo to serve an aggregate term of imprisonment of 90 to 240 years. Lugo filed a post-trial motion to modify sentence on August 3, 2017, which the trial court denied.

*Commonwealth v. Lugo*, 209 A.3d 514, at *1-2 (Pa. Super. 2019) (non-precedential decision) (paragraph break added). Lugo appealed. Rejecting his sentencing claims, we affirmed his judgment of sentence on January 18, 2019. *Id.* On July 11, 2019, our Supreme Court denied Lugo's petition for allowance of appeal. *Commonwealth v. Lugo*, 216 A.3d 1016 (Pa. 2019).

On January 5, 2024, Lugo filed the counseled PCRA petition at issue, his second. In this petition, Lugo asserted that he had newly-discovered evidence in the form of two affidavits, which both alleged police misconduct; one from Luis Colon's girlfriend and one from a man who is the cousin of the confidential informant who testified for the Commonwealth at Lugo's trial. Thereafter, the Commonwealth filed an answer and Lugo filed a response. On December 4, 2024, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Lugo's petition without a hearing. Lugo filed a response. By order entered January 7, 2025, the PCRA court dismissed his petition without a hearing

because it was untimely filed and Lugo failed to plead and prove a time-bar exception. This appeal followed.[1] The PCRA court did not require Appellate Rule 1925 compliance.

Lugo phrases his sole issue on appeal as follows: "The PCRA court committed an error of law and abused its discretion by denying [Lugo's] PCRA Petition." Lugo's Brief at 7.

We must first determine if the PCRA court correctly concluded that Lugo's 2024 petition was untimely. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] A PCRA petition

_____

[1] Due to issues with Lugo's counsel, the briefing schedule was delayed for over a year. This appeal was not submitted to this panel until March 2026.

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*(Footnote Continued Next Page)*

invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016).

Here, Lugo's judgment of sentence became final on March 16, 2010, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3).[3] Therefore, Lugo had until March 16, 2011, to file a timely petition. Because Lugo filed the petition at issue almost fifteen years later, it is patently untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Lugo has failed to plead and prove the applicability of any of the PCRA's time-bar exceptions. As noted above, within his PCRA petition Lugo asserted that newly-discovered evidence rendered his second petition timely. With this

_____

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] Although Lugo was resentenced in 2017, this fact does not affect the finality of his sentence under the PCRA. **See Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008) (explaining "a successful first PCRA does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only").

claim, Lugo attempted to establish the PCRA's timeliness exception found at section 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, in his PCRA petition, Lugo made a bare assertion that he met the newly-discovered fact exception and proceeded to discuss the factors relative to his substantive after-discovered evidence claim. Lugo repeats this approach in his appellate brief. Significantly, Lugo did not establish that he could not have discovered the new "facts" earlier in the exercise of due diligence.

In its Rule 907 notice, the PCRA court noted that, although Lugo filed the petition at issue within one year of receiving the two affidavits, in Lugo's 2015 PCRA petition, Lugo claimed after-discovered evidence in the form of an affidavit from Luis Colon, who recanted his trial testimony because it was based on threats and coercion from the same two troopers and assistant district attorney. The court explained:

> [Lugo's ] current PCRA [Petition] alleges that two witnesses came forward and provided affidavits that would provide PCRA relief in the form of newly discovered evidence. On January 9, 2023, a witness named Maria Moreira provided an affidavit and on March 18, 2023, Jonnel Quinones provided an affidavit. These affidavits were attached to the second PCRA Petition. Both affidavits allege that three Commonwealth agents, Trooper Kelly Cruz, Trooper Alan Lohman, and/or Assistant District Attorney Ty Howard threatened [and] coerced Ms. Moreira and Mr. Quinones during their interviews and [interactions] with the police regarding [Lugo's case].
>
> The second PCRA Petition was filed within one year of the two provided affidavits, and [Lugo] alleges that he met the one-year time limit under the newly discovered evidence exception to 42 Pa.C.S.A. § 9545(b). While it is true that the second PCRA Petition was filed within one year of these affidavits, the allegation of the Commonwealth agents threatening and coercing witnesses has already been litigated. Therefore, these are new sources of this alleged evidence. It is well established in Pennsylvania law that the focus of the time limit exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

Rule 907 Notice, 12/4/24, at 1 n.1 (quotation marks and citations omitted).

The PCRA court then cited Luis Colon's entire affidavit to support its conclusion. The court also reasoned that, even if this police conduct had not

been raised before, Lugo was not prejudiced because neither Ms. Moreira nor Mr. Quinones testified at Lugo's trial. The court explained:

> Mr. Colon testified at a PCRA hearing on March 21, 2016. On March 24, 2016, [the PCRA court] entered an Order that rejected Mr. Colon's claims of being threatened and coerced by law enforcement to give false testimony at [Lugo's] trial. [Lugo] filed a Notice of Appeal challenging that decision[.] On February 1, 2017, the Pennsylvania Superior Court affirmed the [PCRA] court's decision to reject [Lugo's] claims that Mr. Colon's testimony was based on threats and coercion of law enforcement officers.
>
> These same claims of threats and coercion by law enforcement officers are being raised in this current PCRA Petition; however, the two new witnesses that are making these claims, Ms. Moreira and Mr. Quinones, **did not testify** at [Lugo's] trial. Therefore, the jury did not hear any evidence from these alleged new witnesses and could not have been influenced in their decision to convict [Lugo] based on alleged threatened or coerced testimony. There is absolutely no basis to grant [Lugo's] request for an arrest of judgment or a new trial. Therefore, there is no need to hold a PCRA hearing, and there is no basis for PCRA relief.

*Id.* (emphasis in original).

Our review of the record supports the PCRA court's conclusions. We agree with the PCRA court that the two affidavits constituted no more than a new source of previously known facts. *Brown*, *supra*. Thus, Lugo's second PCRA petition was patently untimely, and we lack jurisdiction to consider his substantive after-discovered claim. *Derrickson*, *supra*.[4] We therefore affirm the order denying Lugo post-conviction relief.

_____

[4] Additionally, Lugo does not plead let alone persuade us, that the information about these witnesses could not have been discovered earlier through the
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/23/2026

---

exercise of due diligence.  For this reason he also fails to overcome the time bar to his claims.